**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Adedapo OMISORE, also known as
Michael Bennet, Defendant–
Appellant.**

**No. 01–4333.**

United States Court of Appeals,
Sixth Circuit.

Aug. 13, 2002.

Before KENNEDY, SUHRHEINRICH, and BATCHELDER, Circuit Judges.

Adedapo Omisore appeals his judgment of conviction and sentence. The case has been referred to this panel pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. We unanimously agree that oral argument is not needed. Fed. R.App. P. 34(a).

Omisore pleaded guilty to charges of illegal re-entry, production of a false identification document, and fraudulent use of an unauthorized access device. He was sentenced to 30 months of imprisonment to be followed by immediate deportation.

In this timely appeal, Omisore's appointed counsel has filed a motion to withdraw and a brief pursuant to *Anders v. California,* 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). Omisore was served with the brief and the motion. *See* Rule 101(f), Sixth Circuit Supplemental Procedural Rules. Omisore has responded to counsel's motion to withdraw by filing a pro se brief.

■ We will grant the motion to withdraw, as it reflects that counsel has reviewed the entire record and proceedings and has submitted the following issues for review: (1) whether Omisore's conviction was entered in conformity with the Federal Rules of Criminal Procedure, and (2) whether the district court properly sentenced Omisore. Counsel asserts these issues, but recognizes that each lacks merit. In his pro se brief, Omisore raises multiple frivolous contentions of error that ignore that he pleaded guilty and failed to preserve his sentencing arguments through objections.

■ The record reflects that the district court properly accepted Omisore's valid guilty plea. A plea of guilty is valid if entered knowingly, voluntarily, and intelligently; its validity is determined under the totality of the circumstances. *North Carolina v. Alford,* 400 U.S. 25, 31, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970); *Brady v. United States,* 397 U.S. 742, 749, 90 S.Ct. 1463, 25 L.Ed.2d 747 (1970). The Constitution requires that such circumstances reflect that the defendant be informed of all the direct consequences of his plea. *Brady,* 397 U.S. at 755, 90 S.Ct. 1463. The court explained to Omisore the rights he was waiving, the statutory maximum sentences involved, and the application of the Sentencing Guidelines. Fed.R.Crim.P. 11(c)(1), (c)(3). Omisore acknowledged the veracity of the factual basis and his guilt of the crimes charged.

■ The district court also properly sentenced Omisore. Omisore did not object to the findings in the presentence report. Because Omisore raised no objections to the presentence investigation report, no challenge to the factual findings for sentencing was properly preserved for review. *See United States v. Ward,* 190 F.3d 483, 492 (6th Cir.1999) (failure of defendant to object to factual findings of presentence report waives any future ob-

jections), *cert. denied,* 528 U.S. 1118, 120 S.Ct. 940, 145 L.Ed.2d 817 (2000). Neither did Omisore raise any legal challenge regarding his sentence. Thus, he forfeited any other sentencing claims that he might have raised, except for those that amount to plain error. *United States v. Barajas–Nunez,* 91 F.3d 826, 830 (6th Cir.1996). No other potential error is apparent from the record. In this regard, it should be noted that Omisore's sentence was authorized by statute and was within the applicable guideline range.

Lastly, we have reviewed the record, and we conclude that no other nonfrivolous issue exists.

Accordingly, we grant counsel's motion to withdraw and affirm the district court's judgment of conviction and sentence. Rule 34(j)(2)(C), Rules of the Sixth Circuit.