**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 05a0716n.06
Filed: August 17, 2005

**No. 04-3202**

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | ON APPEAL FROM THE UNITED |
| v. | ) | STATES DISTRICT COURT FOR |
| | ) | THE SOUTHERN DISTRICT OF |
| KEITH W. DEWITT, SR. | ) | OHIO |
| | ) | |
| Defendant-Appellant | ) | **OPINION** |

---

**Before: BATCHELDER, GIBBONS and McKEAGUE, Circuit Judges**.

**McKEAGUE, Circuit Judge.** Defendant-Appellant Keith Dewitt pleaded guilty to one count of conspiring to possess with intent to distribute in excess of one kilogram of heroin and in excess of five kilograms of cocaine, one count of money laundering, and one count of making false statements on federal income tax returns. The district court judge made a number of factual determinations that increased Dewitt's sentence under the United States Sentencing Guidelines ("Guidelines"). Relying on the Guidelines, which were mandatory at the time of sentencing, the district judge sentenced Dewitt to life imprisonment. Dewitt appealed and argued that his sentence violated the Sixth Amendment. For the following reasons, we vacate Dewitt's sentence and remand for resentencing under *United States v. Booker*, 125 S. Ct. 738 (2005).

**I. FACTUAL AND PROCEDURAL HISTORY**

On September 9, 1998, Dewitt was arrested after a seven-count indictment was filed in the United States District Court for the Southern District of Ohio. In Count 1, Dewitt was charged with

conspiring to possess with intent to distribute in excess of one kilogram of heroin and in excess of five kilograms of cocaine in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A) & 846. In Counts 2, 3, 4, and 5, Dewitt was charged with money laundering offenses in violation of 18 U.S.C. § 1956(a)(1)(B)(i). In Counts 6 and 7, Dewitt was charged with making false statements on federal income tax returns in violation of 26 U.S.C. § 7206(1).

On September 10, 1998, Dewitt pleaded not guilty on all counts. Dewitt's trial began on January 13, 2000. On January 13, 14, and 18, the government called various witnesses. On January 19, 2000, Dewitt pleaded guilty to Counts 1, 4, and 6 of the indictment. Pursuant to a written plea agreement, the government dismissed the other four counts in the indictment. The district court made an extensive inquiry of the defendant pursuant to Fed. R. Crim. P. 11(b) and accepted the plea.

A presentence investigation report ("PSR") was prepared. The PSR recommended that Counts 1 and 4 should be grouped together pursuant to § 3D1.2(b) of the Guidelines and that Count 6 should be considered separately. Defendant faced a combined adjusted offense level of 42 under the Guidelines, based on the amount of drugs involved, a two point enhancement for use of a firearm in the offense, and a four point enhancement for Dewitt's leadership role in the offense. The PSR also noted Dewitt's prior state convictions, which placed him in the criminal history category I under the Guidelines. After a two point reduction for acceptance of responsibility, the PSR recommended that Dewitt receive a 300 month sentence on Count 1, 240 months on Count 4, and 36 months on Count 6, to run concurrently.

At the sentencing hearing on April 28 and 29, 2003, the government offered evidence to support the offense level calculations and the violence perpetrated by Dewitt during the drug conspiracy. The parties filed several post-hearing sentencing memoranda with the court. On

2

January 20, 2004, the district court issued a decision addressing Dewitt's objections to the PSR. The court also issued two addenda to its order, where the court addressed issues related to defendant's sentence. In essence, the court rejected Dewitt's objections to the PSR and made a number of findings by a preponderance of the evidence, including findings as to the drug amount attributable to Dewitt and his leadership role in the conspiracy. On January 29, 2004, based on these findings, under the then-mandatory Guidelines, the district court sentenced Dewitt to life imprisonment on Count 1, 240 months on Count 4, and 36 months on Count 6, to run concurrently. Dewitt appealed to this Court "from the judgment entry imposing a sentence" on February 2, 2004.

## II. ANALYSIS

Under *Booker*, the Guidelines are now advisory. *See United States v. Grenoble*, – F.3d –, 2005 WL 1529447 (6th Cir. 2005). The briefs in this case were filed prior to the Supreme Court's decision in *Booker*, but we must apply *Booker* to all cases on direct review. *See Booker*, 125 S. Ct. at 769. Dewitt argues on appeal that the district court violated his Sixth Amendment right to a jury trial by engaging in judicial fact-finding that increased his sentence, under the then-mandatory Guidelines, beyond the maximum authorized by his guilty plea.[1] Specifically, Dewitt claims that since he did not admit in his plea agreement to the existence of specific drug quantities, possession

---

[1]The government, in the one-paragraph argument section of its initial appellate brief, argued that defendant was not entitled to a resentencing based on *United States v. Koch*, 383 F.3d 436 (6th Cir. 2004) (en banc). *Koch*, however, was overruled by *Booker*. *See United States v. Barnett*, 398 F.3d 516, 526 (6th Cir. 2005). The government contended, in a letter brief, dated July 8, 2005, that defendant waived his appellate rights in his plea agreement, which forecloses any *Booker* challenge. However, "[a]n appellant waives an issue when he fails to present it in his initial briefs before this court." *Marks v. Newcourt Credit Group, Inc.*, 342 F.3d 444, 462 (6th Cir. 2003); *see also Thaddeus-X v. Blatter*, 175 F.3d 378, 403 n.18 (6th Cir. 1999) (en banc). Accordingly, because the government did not address the waiver issue in its initial appellate brief, we conclude that the government waived this issue and we will not address it further.

3

of a firearm, or having a leadership role in the offense, the enhancement of his sentence due to the district court's determinations as to these factors violated his Sixth Amendment rights.

In this case, the defendant pleaded guilty to conspiring to possess with intent to distribute in excess of one kilogram of heroin and in excess of five kilograms of cocaine in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A) & 846. The statutory sentencing range for such an offense is between ten years and life imprisonment. *Id.* § 841(b)(1)(A). In sentencing Dewitt to life imprisonment, the district court treated the Guidelines as mandatory and relied on a number of determinations that were not admitted in the guilty plea, including drug amounts, possession of a firearm, and Dewitt's leadership role in the offense. Our review is for plain error, as it does not appear that Dewitt argued the advisory nature of the Guidelines before the district court. *See United States v. Oliver*, 397 F.3d 369, 377-78 & n.1 (6th Cir. 2005). Under *Booker,* a district court's treatment of the Guidelines as mandatory is plain error because *Booker* effected a clear change in the law. *United States v. Barnett*, 398 F.3d 516, 525-26 (6th Cir. 2005).

Under our recent jurisprudence interpreting *Booker*, the district court committed plain error and defendant's sentence violated his Sixth Amendment rights when the district court sentenced him under the then-mandatory Guidelines, based on facts not admitted in his guilty plea. *See United States v. Smith*, No. 04-3422, 2005 WL 1653440, at *10 (6th Cir. July 12, 2005) (district court committed plain error in sentencing defendant, under the then-mandatory Guidelines, based on a judge-found fact); *Barnett*, 398 F.3d at 525 (remanding in order to resentence defendant after noting that the treatment of the Guidelines as mandatory "was correct at the time [of sentencing], but now, because [§] 3553(b)(1) has been excised and severed under *Booker*, the district court erred by treating the Guidelines as mandatory when it sentenced [the defendant]"). "[I]t would be

4

fundamentally unfair to allow [Dewitt's] sentence, imposed under a mandatory Guidelines regime, to stand in light of [the] substantial development in, and alteration of, the applicable legal framework." *Barnett*, 398 F.3d at 530. Therefore, we will vacate Dewitt's sentence and remand for resentencing, "thus affording the district court the opportunity to resentence him in the first instance." *Id.*; *see also Oliver*, 397 F.3d at 377-81.

### III. CONCLUSION

For all the foregoing reasons, we **VACATE** defendant's sentence and **REMAND** the case to the district court for resentencing in accordance with *Booker*.