**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 08a0768n.06
Filed: December 18, 2008

No. 06-4045

# UNITED STATES COURT OF APPEALS
# FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| **Plaintiff-Appellee,** | ) | **ON APPEAL** FROM THE |
| | ) | UNITED STATES DISTRICT |
| v. | ) | COURT FOR THE SOUTHERN |
| | ) | DISTRICT OF OHIO |
| KEITH W. DEWITT, SR., | ) | |
| | ) | |
| **Defendant-Appellant.** | ) | **O P I N I O N** |
| | ) | |

Before: MOORE and GRIFFIN, Circuit Judges; TARNOW,[*] District Judge.

**KAREN NELSON MOORE, Circuit Judge.** Defendant-Appellant Keith W. Dewitt, Sr.

("Dewitt") pleaded guilty to conspiracy to possess with intent to distribute and to distribute more

than one kilogram of heroin and five kilograms of cocaine, in violation of 21 U.S.C. §§ 841(a)(1)

and 841(b)(1)(A); money laundering, in violation of 18 U.S.C. § 1956(a)(1)(B)(i) and 18 U.S.C. § 2;

and making false statements on a federal income-tax return, in violation of 26 U.S.C. § 7206. The

district court sentenced Dewitt to imprisonment for life, 240 months, and 36 months, respectively;

the district court determined that the terms would run concurrently. On appeal, Dewitt argues that

the district court erred when it used conduct of which he had been acquitted to determine his

sentence, that the district court improperly used judicial findings of fact to enhance his overall

---

[*]The Honorable Arthur J. Tarnow, United States District Judge for the Eastern District of Michigan, sitting by designation.

offense level, and that his sentence is unreasonable. We disagree, and we **AFFIRM** the sentence imposed by the district court.

## I. BACKGROUND

On September 10, 1998, Dewitt pleaded not guilty to all seven counts in the indictment against him. On January 20, 2000, after three days of trial, Dewitt pleaded guilty to three counts. Dewitt moved to withdraw his guilty plea on November 7, 2000; the district court denied this motion. Before sentencing Dewitt, the district court heard evidence regarding conduct that Dewitt had been acquitted of in state court; the district court found by a preponderance of the evidence that Dewitt had committed one murder and abetted another. The district court determined that Dewitt would be sentenced based on an offense level of 42 and a criminal history of I, making the applicable sentencing range 360 months to life imprisonment. On January 29, 2004, the district court sentenced Dewitt to life in prison for conspiracy to possess with intent to distribute more than one kilogram of heroin and five kilograms of cocaine, 240 months in prison for money laundering, and 36 months in prison for making false statements on a federal income-tax return.

On appeal, we remanded to the district court for resentencing after *United States v. Booker*, 543 U.S. 220 (2005). *United States v. Dewitt*, 145 F. App'x 980 (6th Cir. 2005). At the resentencing hearing, the district court addressed the 18 U.S.C. § 3553(a) factors and cited its previous decisions addressing Dewitt's objections to the presentence report. The district court resentenced Dewitt to the same terms of imprisonment under the advisory Guidelines. The district court entered a final judgment on July 31, 2006; Dewitt filed a timely notice of appeal. We have jurisdiction over this appeal pursuant to 18 U.S.C. § 3742 and 28 U.S.C. § 1291.

## II. ANALYSIS

### A. Standard of Review

"We review 'a district court's legal conclusions regarding the Sentencing Guidelines *de novo*' and 'a district court's factual findings in applying the Sentencing Guidelines for clear error.'" *United States v. Kaminski*, 501 F.3d 655, 665 (6th Cir. 2007) (quoting *United States v. Galvan*, 453 F.3d 738, 739 (6th Cir. 2006)).

### B. Use of Acquitted Conduct by Sentencing Judge

Before sentencing Dewitt, the district court heard testimony that, on June 29, 1991, Dewitt had committed one murder and abetted another. Although a state jury had acquitted Dewitt of these charges, the district court found that the government had proved, by a preponderance of the evidence, that Dewitt had committed these crimes. The district court therefore considered this acquitted conduct when determining what sentence, within the Guidelines range, to impose on Dewitt. Dewitt argues that the district court violated his Sixth Amendment right to jury trial and Fifth Amendment right to due process by using acquitted conduct to determine his sentence. The government contends that the district court properly considered this acquitted conduct while setting Dewitt's sentence.

Under Sixth Circuit precedent, the district court did not violate Dewitt's Fifth and Sixth Amendment rights by considering acquitted conduct when fashioning his sentence. This circuit has held "that a post-*Booker* sentencing court may consider even 'acquitted conduct' if it finds facts supporting that conduct by a preponderance of the evidence."[1] *United States v. Mendez*, 498 F.3d 423, 427 & n.2 (6th Cir. 2007) (citing *United States v. Brika*, 487 F.3d 450, 458-60 (6th Cir.), *cert.*

---

[1]We note that there is currently an en banc case pending that involves the issue of whether a district court can properly consider acquitted conduct when determining an individual's sentence. *United States v. White*, No. 05-6596 (en banc oral argument June 4, 2008).

3

*denied*, — U.S. —, 128 S. Ct. 341 (2007)). We review for clear error the district court's factual finding that the government proved the acquitted conduct by a preponderance of the evidence. *Kaminski*, 501 F.3d at 665.

The district court based its findings on the testimony of three individuals: an eyewitness and two Special Agents of the Internal Revenue Service Criminal Investigation Division. The district court found that the eyewitness testified that, after brandishing a weapon, firing a shot into the floor, and "telling those present to lie down . . .," Dewitt shot Washington, the eyewitness's friend, "in the back of the head." Joint Appendix ("J.A.") at 74 (Jan. 20, 2004 Dist. Ct. Op. at 27). The eyewitness testified that another individual near him was shot, but that he was not able to discern whether Dewitt or Dewitt's companion fired the shot. The district court stated that it was "completely convinced that [the eyewitness] testified truthfully." J.A. at 75 (Jan. 20, 2004 Dist. Ct. Op. at 28). One of the agents testified that Dewitt told the agent that Dewitt had been present during the drug theft connected with the murders. The other agent testified that Dewitt's fingerprints were recovered at the murder scene. J.A. at 75 (Jan. 20, 2004 Dist. Ct. Op. at 28).

Based on these factual findings, we conclude that it was not clearly erroneous for the district court to find, by a preponderance of the evidence, that Dewitt committed one murder and abetted another. Therefore, we hold that the district court did not err by considering acquitted conduct that it had found by a preponderance during its sentencing determination.

## C. Calculation of Dewitt's Advisory Guidelines Range

Dewitt argues that the district court violated his Sixth Amendment rights by increasing his advisory Guidelines range "based upon factors such as possession of a weapon, leadership role, and drug amount, which were not admitted by [Dewitt] as part of the plea agreement in this case."

Dewitt Br. at 17. Dewitt argues that the district court did not utilize the correct approach for calculating a sentence; in Dewitt's view, the district court should have (1) calculated the Guidelines range "based on those facts admitted to by the defendant or supported by the jury's verdict," and then (2) utilized "that range, along with the other 3553 factors, to impose a reasonable sentence." Dewitt Br. at 17. Dewitt urges us to consider *Cunningham v. California*, 549 U.S. 270 (2007), as support for this approach. Though *Cunningham* addresses the California state-court system's mandatory guidelines regime, Dewitt argues that the Court's holding "undoubtedly applies to the Federal Sentencing system."[2] Dewitt Br. at 14. In response, the government contends that nothing prevents a district court, post-*Booker*, from finding facts by a preponderance of the evidence when calculating an advisory Guidelines range.

We have held that "district judges can find the facts necessary to calculate the appropriate Guidelines range using the same preponderance-of-the-evidence standard that governed prior to

---

[2]Dewitt's reliance on *Cunningham* is misplaced. In *Cunningham*, the Supreme Court addressed California's *mandatory* guidelines, not an *advisory* guidelines system similar to that currently used in the federal courts post-*Booker*. *Cunningham*, 549 U.S. at 291-92. Prior to *Cunningham*, California state judges were not free to choose a sentence within a range of years, but rather had to choose one of three sentences provided for a given offense. *Id*. at 275. In *Cunningham*, for example, the sentencing judge had "to select 12 years, nothing less and nothing more, unless he found facts allowing the imposition of a sentence of 6 or 16 years." *Id*. at 292. The Supreme Court considered the mid-range sentence to be the statutory maximum. *Id*. at 288-91. The Court held that it was a violation of a defendant's Sixth Amendment rights to allow a judge to find facts by a preponderance of the evidence and use them to impose a sentence beyond the state statutory maximum. *Id*. at 293. However, we have held that "*Cunningham* makes clear that an advisory system of guidelines and a preponderance standard do not implicate the Sixth Amendment." *United States v. Schoeninger*, 254 F. App'x 504, 508 (6th Cir. 2007) (unpublished). Thus, the concern raised in cases such as *Cunningham* does not exist in Dewitt's case for two reasons: (1) the federal sentencing Guidelines are advisory, not mandatory; and (2) the federal district court in Dewitt's case was not using its fact-finding to impose a sentence that exceeded the statutory maximums for any of the offenses of conviction.

*Booker*." *United States v. Ferguson*, 456 F.3d 660, 665 (6th Cir. 2006); *see also United States v. Jones*, 489 F.3d 243, 250 (6th Cir. 2007) ("'[J]udicial fact-finding in sentencing proceedings using a preponderance of the evidence standard post-*Booker* does not violate either Fifth Amendment due process rights, or the Sixth Amendment right to trial by jury.'" (quoting *United States v. Gates*, 461 F.3d 703, 708 (6th Cir.), *cert. denied*, — U.S. —, 127 S. Ct. 602 (2006))). Only facts that cause the sentence to exceed the statutory maximum must be "admitted by the defendant or proved to a jury beyond a reasonable doubt." *Booker*, 543 U.S. at 244.

The district court found that Dewitt had a base-offense level of 36. The district court added 2 levels because it found that Dewitt possessed a firearm during the conspiracy and 4 levels because it found that Dewitt played a leadership role in the conspiracy. Based on Dewitt's adjusted-offense level of 42 and Dewitt's criminal history level of I, Dewitt's Guidelines range was 360 months to life imprisonment. The district court sentenced Dewitt to life imprisonment, the statutory-maximum punishment for conspiracy to possess with intent to distribute more than one kilogram of heroin and five kilograms of cocaine. 21 U.S.C. § 841(b)(1)(A). The district court also sentenced Dewitt to the statutory-maximum punishment on the other two charges: 240 months for money laundering and 36 months for making false statements on a federal income-tax return. 18 U.S.C. § 1956(a)(1)(B); 26 U.S.C. § 7206.

Because the sentence imposed by the district court does not exceed the statutory maximums, we hold that the district court's decision to enhance Dewitt's sentence based on facts that the district court found by a preponderance did not violate Dewitt's Sixth Amendment rights. *See Ferguson*, 456 F.3d at 665. Thus, we conclude that the district court did not err in calculating Dewitt's Guidelines range.

## D. Reasonableness of Sentence

Dewitt argues that his sentence is unreasonable and that a lesser sentence would suffice to meet the sentencing goals laid out in 18 U.S.C. § 3553(a). Under *Gall v. United States*, — U.S. —, 128 S. Ct. 586, 597 (2007), reasonableness review has two components:

> Regardless of whether the sentence imposed is inside or outside the Guidelines range, the appellate court must review the sentence under an abuse-of-discretion standard. It must first ensure that the district court committed no significant procedural error, such as failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence—including an explanation for any deviation from the Guidelines range. Assuming that the district court's sentencing decision is procedurally sound, the appellate court should then consider the substantive reasonableness of the sentence imposed under an abuse-of-discretion standard. When conducting this review, the court will, of course, take into account the totality of the circumstances, including the extent of any variance from the Guidelines range. If the sentence is within the Guidelines range, the appellate court may, but is not required to, apply a presumption of reasonableness. *Id.*, at ----, 127 S. Ct. 2456. But if the sentence is outside the Guidelines range, the court may not apply a presumption of unreasonableness. It may consider the extent of the deviation, but must give due deference to the district court's decision that the § 3553(a) factors, on a whole, justify the extent of the variance. The fact that the appellate court might reasonably have concluded that a different sentence was appropriate is insufficient to justify reversal of the district court.

Dewitt's argument that the district court improperly calculated his Guidelines range was addressed above. As Dewitt raises no other arguments that his sentence was procedurally unreasonable, we now consider the substantive reasonableness of Dewitt's sentence.

Dewitt argues that "a sentence of less than life imprisonment was certainly sufficient to meet the statutory goals of sentencing." Dewitt Br. at 19. Dewitt contends that he merits a lesser sentence because: (1) he entered a guilty plea after a few days of trial; (2) he did not have a substantial

criminal history; and (3) in the eight years between his guilty plea and resentencing he obtained "numerous certificates of accomplishment and training."[3]  Dewitt Br. at 19.

This circuit has chosen to hold that within-Guidelines sentences are presumed to be reasonable.  *U.S. v. Vonner*, 516 F.3d 382, 389-90 (6th Cir. 2008).  This presumption is rebuttable, but we cannot overturn a district court's sentencing determination solely because we believe another sentence would be appropriate.  *Id.*; *Gall*, 128 S. Ct. at 597.  Given his offense level of 42 and his criminal history level of I, Dewitt's Guidelines range was 360 months to life imprisonment.  The district court sentenced Dewitt within that range, and his sentence is therefore presumed reasonable.

We conclude that Dewitt has not rebutted the presumption that his within-Guidelines sentence is reasonable.  When it resentenced Dewitt, the district court enumerated the evidence that led it to determine Dewitt's sentence, and the district court explained how its sentence would achieve the sentencing factors contained in 18 U.S.C. § 3553(a).  The district court recognized that Dewitt did not have a substantial criminal background, but determined that Dewitt's extensive participation in distributing drugs and Dewitt's involvement with violence led the district court to conclude that a sentence of life imprisonment was necessary.  Given the deferential standard of review, we cannot conclude that Dewitt's sentence is substantively unreasonable.  Accordingly, we must affirm the district court's sentence.

---

[3]We note that although it is admirable that Dewitt has taken steps to better himself since his conviction, Sixth Circuit precedent does not permit the district court to consider this conduct when it resentenced Dewitt post-*Booker*.  *United States v. Erpenbeck*, 532 F.3d 423, 434 (6th Cir. 2008) ("'The goal of the [*Booker*] remand is to determine if, at the time of sentencing, the district judge would have imposed a different sentence in the absence of mandatory guidelines.  Post-sentencing events or conduct simply are not relevant to that inquiry.'" (quoting *United States v. Worley*, 453 F.3d 706, 709 (6th Cir. 2006) (alteration in original)).  We are bound by this prior precedent.

### III.  CONCLUSION

For the foregoing reasons, we **AFFIRM** the sentence imposed by the district court.

**TARNOW, District Judge.** I concur because of precedent, not because of Constitutional principle.

The Constitutional principle is that a person may only be sentenced based on admitted conduct or if a jury has found guilt beyond a reasonable doubt. That is, liberty may not be extinguished without due process of law.

Here, the District Court used both conduct where defendant was acquitted and conduct neither admitted nor found by a jury.

However, the precedent cited compels my concurrence.