RECOMMENDED FOR FULL-TEXT PUBLICATION
Pursuant to Sixth Circuit Rule 206
File Name: 09a0347p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

_____

UNITED STATES OF AMERICA,
              *Plaintiff-Appellee,*

v.                                                          No. 08-1812

THOMAS OTHELLOW METCALFE,
              *Defendant-Appellant.*

Appeal from the United States District Court
for the Western District of Michigan at Grand Rapids.
No. 06-00249—Gordon J. Quist, District Judge.

Submitted: April 23, 2009

Decided and Filed: September 28, 2009

Before: BATCHELDER, Chief Judge; SUHRHEINRICH and SUTTON, Circuit Judges.

_____

**COUNSEL**

**ON BRIEF:** Sharon A. Turek, FEDERAL PUBLIC DEFENDER'S OFFICE, WESTERN
DISTRICT OF MICHIGAN, Grand Rapids, Michigan, for Appellant. Mark V. Courtade,
ASSISTANT UNITED STATES ATTORNEY, Grand Rapids, Michigan, for Appellee.

_____

**OPINION**

_____

ALICE M. BATCHELDER, Chief Judge. Thomas Metcalfe appeals a post-judgment order denying his motion for a reduction of his sentence pursuant to 18 U.S.C. § 3582(c)(2). Because this appeal lacks merit and because § 3582(c)(2) is not a vehicle for convicts to raise unrelated sentencing challenges that they had previously overlooked or omitted, we affirm.

1

**I.**

Police arrested Metcalfe and two others, and charged them with conspiracy to distribute cocaine. Metcalfe entered a guilty plea and the Presentence Report (PSR) prepared for his sentencing attributed to him the entire amount of confiscated drugs: 157.69 grams of powder cocaine and 50.7 grams of crack cocaine. This included 3.81 grams of crack that had been separately confiscated from one of the co-conspirators, who had assured police that it was for his personal use.

Upon receipt and review of the PSR, Metcalfe objected to the amount of drugs that had been attributed to him, arguing that the quantity of powder cocaine was overstated because his co-conspirators had been diluting it with baking soda. It is noteworthy that he did not at that time object to the inclusion of the 3.81 grams of crack that had been the personal stash of his co-conspirator and did not object to the quantity of crack cocaine at all. In fact, other than the baking-soda objection, Metcalfe did not raise any other objections to the PSR's proposed guideline calculations.

At sentencing in May 2007, the court rejected Metcalfe's baking-soda objection as irrelevant to the guidelines calculations and basically accepted the other PSR recommendations. Based on this, the court determined that, under the May 2007 version of the Guidelines, 157.69 grams of powder and 50.7 grams of crack cocaine was the equivalent of 1045.5 kilograms of marijuana, which translated to a base offense level of 32. The court also found that Metcalfe qualified for a two-level reduction for his mitigating role, pursuant to U.S.S.G. § 2D1.1(a)(3)(B)(i), which said:

> Base Offense Level [is] . . .[t]he offense level specified in the Drug Quantity Table [here, 32 for 1000 to 3000 kg of marijuana equivalent] . . . , except that if
>
> (A)   the defendant receives an adjustment under § 3B1.2 (Mitigating Role); and
>
> (B)   the base offense level under [the Drug Quantity Table] is level 32,
>
> [then] decrease by 2 levels[.]

This reduced Metcalfe's offense level to 30. The court also granted Metcalfe a two-level safety-valve reduction, pursuant to U.S.S.G. § 2D1.1(b)(9); a three-level minor-role

reduction, pursuant to § 3B1.2(b); a two-level acceptance-of-responsibility reduction, pursuant to § 3E1.1(a); a one-level timely-notification-of-intent-to-plead-guilty reduction, pursuant to § 3E1.1(b); and a three-level substantial-assistance downward-departure, pursuant to the government's motion. The end result was an offense level of 19, which — when applied to his criminal history score of I — generated an advisory guideline range of 30 to 37 months. Ultimately, the district court sentenced Metcalfe to 32 months in prison and Metcalfe did not appeal this sentence.

In February 2008, Metcalfe moved the district court to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(2) (providing that, "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission . . . , the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable"). In November 2007, the Commission had lowered the sentencing ranges for crack-cocaine offenses by two levels in an effort to correct the disparity in sentences between crack and powder cocaine offenses. The court obtained a "Sentence Modification Report" (and an amended report), and, upon considering those reports in conjunction with the original sentencing and the PSR, denied the motion. The court explained:

> [Metcalfe's counsel] argues that [Metcalfe] should receive 2 points credit based on the drug quantity involved[,] based on a new objection to a portion of the drug quantity attributed to him as relevant conduct for [purposes of] sentencing. In particular,[Metcalfe] now claims that 3.81 grams of cocaine base attributed to him as part of [his] relevant conduct in a multi-drug case should not have been charged to him. [But, if this is incorrect and] the 3.81 grams of cocaine base w[ere] properly part of the relevant conduct, the [advisory-]guideline[-calculation] result for [Metcalfe] is unchanged under the new and retroactive crack amendments.
>
> Accordingly, the issue here is whether [Metcalfe] may belatedly challenge a portion of the crack used to determine his relevant conduct. There is no evidence that this issue was preserved in advance of the original sentencing hearing or at the hearing. There was an objection to quantity at the hearing, but on an entirely unrelated issue. [Metcalfe] did not challenge the 3.81 grams of cocaine base he now challenges. Accordingly, there is no basis to consider it here. The crack retroactive modification is not an open door to raise new objections to sentencing determinations. In this case, the guideline calculation is the same when based on the exact quantity and other determinations used by [the] trial judge at the time of the original sentencing. The finding that the retroactive amendments have no impact

here is in principle no different than for any other defendant whose ultimate guideline result is driven by factors other than crack quantity.

In the alternative, th[is] [c]ourt would deny the motion here in any case in its discretion based on a consideration of all relevant sentencing criteria. [Metcalfe] received significant credit at the time of sentencing for substantial assistance, and no further reduction is warranted at this time on these facts.

. . .

After considering the recommendations of interested parties, and the goals of sentencing under 18 U.S.C. § 3553(a), and consistent with the Sentencing Commission's policy Statement, U.S.S.G. [§]1B1.10, th[is] [c]ourt finds that a reduction in sentence is not warranted in this case.

*United States v. Metcalfe*, No. 1:06-CR-249-02, Opinion (W.D. Mich. May 27, 2008).

Metcalfe now appeals and argues that he should not be held accountable for the 3.81 grams of crack cocaine that was separately confiscated from his co-conspirator because that cocaine was not part of the alleged conspiracy. He further argues that he did not waive this claim by failing to raise it at sentencing because, at the time of sentencing, he could not have benefitted by raising it, inasmuch as his offense level would have been the same — with or without the 3.81 grams — under the pre-November 2007 version of the Guidelines. We address each argument in turn.

**II.**

We review for abuse of discretion a district court's decision to grant or deny a motion for reduction of sentence pursuant to 18 U.S.C. § 3582(c)(2). *United States v. Ursery*, 109 F.3d 1129, 1137 (6th Cir. 1997). This standard "comports with the language of the statute, which states that 'the court *may* reduce the term of imprisonment.'" *United States v. Mateo*, 560 F.3d 152, 154 n.2 (3d Cir. 2009) (quoting § 3582(c)(2)); *see also United States v. Caraballo*, 552 F.3d 6, 8 (1st Cir. 2008); *United States v. Sharkey*, 543 F.3d 1236, 1238 (10th Cir. 2008).

A district court abuses its discretion when it relies on clearly erroneous findings of fact, applies the law improperly, or uses an erroneous legal standard. *United States v. Lineback*, 330 F.3d 441, 443 (6th Cir.2003). Otherwise, to find an abuse of discretion, we must have a "definite and firm conviction that the district court made a clear error of

judgment in its conclusion upon weighing relevant factors." *Gaeth v. Hartford Life Ins. Co.*, 538 F.3d 524, 529 (6th Cir. 2008).

**A.**

Metcalfe argues, at some length, that he should not be held accountable for the 3.81 grams of crack cocaine that was confiscated from his co-conspirator, because that cocaine was not part of the conspiracy. But the district court did not rule on this issue; the district court denied the motion based on Metcalfe's failure to raise this issue at sentencing, or alternatively, as an exercise of its discretion. Consequently, this issue is not material to this appeal and we do not address it here.

**B.**

Metcalfe argues that the district court abused its discretion by denying his motion on the basis that he had failed to raise the issue at sentencing. Because we find no abuse of discretion here, we affirm the district court's judgment on this issue.

The general rule is that a criminal defendant must object to the findings in the presentence report in order to preserve any such challenges for review. *See United States v. Omisore*, 42 F. App'x 781, 782 (6th Cir. 2002) (citing *United States v. Ward*, 190 F.3d 483, 492 (6th Cir. 1999), and *United States v. Barajas-Nunez*, 91 F.3d 826, 830 (6th Cir. 1996)). Metcalfe did not do so.

The district court denied Metcalfe's § 3582 motion on this basis, explaining that "[t]here is no evidence that this issue [i.e., the attribution of the 3.81 grams of the co-conspirator's personal-use crack] was preserved in advance of the original sentencing hearing or at the hearing," so "there is no basis to consider it here. The crack retroactive modification is not an open door to raise new objections to sentencing determinations." We conclude that the district court did not rely on clearly erroneous findings of fact, apply the law improperly, or use an erroneous legal standard, *see Lineback*, 330 F.3d at 443, so there is no basis upon which to find an abuse of discretion. Moreover, we emphatically agree that § 3582(c)(2) is not an "open door" that allows any conceivable challenge to a sentence. Under § 3582(c)(2), a prisoner may move the court to recalculate his sentence pursuant to

the new guideline, using the factors that were determined at the time of the original sentencing. The prisoner may not use § 3582(c)(2) as a means of challenging those factors.

For his part, Metcalfe argues that even if that objection had been raised and sustained, it was not relevant at the time, so it would not have resulted in a different guideline range. Therefore, he did not waive this objection. The problem with this theory is that it imposes a materiality aspect on the duty to preserve that does not exist in our precedent — Metcalfe essentially contends that a defendant is obligated to preserve only issues that would have had a tangible benefit at the time they could have been preserved. Even if this were true (and we do not propose that it is), it is unsupported in the case law. The district court could not have abused its discretion by failing to extend the case law in the way that Metcalfe now requests. This argument lacks merit.

### III.

For the foregoing reasons, we **AFFIRM** the district court's judgment.