NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 10a0087n.06

**No. 08-5474**

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

**FILED**
**Feb 16, 2010**
LEONARD GREEN, Clerk

UNITED STATES OF AMERICA,

    **Plaintiff-Appellee,**

**v.**

**LAWRENCE TENNILLE, II,**

    **Defendant-Appellant.**

    /

**ON APPEAL FROM THE UNITED
STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF KENTUCKY**

**OPINION**

BEFORE:    **GUY, CLAY, and KETHLEDGE**, Circuit Judges.

    **CLAY, Circuit Judge.** Defendant Lawrence Tennille appeals the denial of his motion to modify his sentence pursuant to 18 U.S.C. § 3582(c)(2). Tennille was sentenced to life in prison based on a conviction for possession with intent to distribute crack cocaine, his third felony drug conviction. He filed his motion to modify his sentence pursuant to Amendment 706 of the Sentencing Guidelines, which reduced the base offense level for some crack cocaine offenses. He also argues that one of his previous convictions that was used to create the imposition of life in prison was not actually a felony. For the following reasons, the district court's denial of Defendant's motion to modify his sentence is **AFFIRMED**.

**STATEMENT OF FACTS**

    Tennille was arrested in 1996 based on his role in a conspiracy to sell crack cocaine. Testimony at trial included references to the offense involving over a kilogram of cocaine. The only

official exhibit at trial included 41 grams of crack cocaine. Tennille's sentence is based on a judicial finding that the conspiracy included more than 50 grams of cocaine. The district court found, based on the testimony of Tennille's co-conspirators, that the government proved the conspiracy involved in excess of 50 grams. Tennille had previous state court felony convictions for possession with intent to distribute various drugs, primarily cocaine. (Presentence Report at 13-15).

The district judge found that the conviction constituted Tennille's third felony drug conviction and therefore determined that the mandatory minimum sentence was life in prison. Tennille appealed a suppression motion, a jury instruction issue, and the district court's failure to specifically determine the exact amount of crack for which Tennille could be held legally responsible. This Court denied the appeal. *United States v. Tennille*, No. 97-6245, 2000 WL 191725 (6th Cir. Feb. 3, 2000). In 2008, Tennille moved for a sentence reduction pursuant to Amendment 706 of the Sentencing Guidelines and the corresponding reduction in the guidelines for crack cocaine convictions. The motion was rejected by the district court, which determined that the statutory minimum life sentence still applied. Tennille has filed a timely appeal of that order.

## DISCUSSION

"A motion for modification made under 18 U.S.C. § 3582(c)(2) is reviewed for an abuse of discretion." *United States v. Carter*, 500 F.3d 486, 490 (6th Cir. 2007). "A district court abuses its discretion when it applies the incorrect legal standard, misapplies the correct legal standard, or relies upon clearly erroneous findings of fact." *United States v. Pugh*, 405 F.3d 390, 397 (6th Cir. 2005). This Court should reverse the district court's decision only if it is "firmly convinced that a mistake has been made." *McCombs v. Meijer, Inc.*, 395 F.3d 346, 358 (6th Cir. 2005). "When reviewing the district court's application of the Sentencing Guidelines, we review the district court's factual

findings for clear error and mixed questions of law and fact de novo." *United States v. May*, 568 F.3d 597, 604 (6th Cir. 2009).

Tennille's appeal must fail because he is attempting to use the retroactive crack sentencing guidelines to relitigate his initial sentencing. This Court recently held that "§ 3582(c)(2) is not an 'open door' that allows any conceivable challenge to a sentence. Under § 3582(c)(2), a prisoner may move the court to recalculate his sentence pursuant to the new guideline, using the factors that were determined at the time of the original sentencing. The prisoner may not use § 3582(c)(2) as a means of challenging those factors." *United States v. Metcalfe*, 581 F.3d 456, 459 (6th Cir. 2009).

In this case, Tennille's primary argument is that he was not really responsible for more than 50 grams of crack cocaine. He does not dispute that if he were responsible for more than 50 grams of crack cocaine, and he had the necessary predicate offenses, he would be subject to a mandatory minimum of life in prison. *See* 21 U.S.C. § 841(b)(1)(A). "Where a statutorily required minimum sentence is greater than the maximum of the applicable guideline range, the statutorily required minimum sentence shall be the guideline sentence." U.S.S.G. § 5G1.1(b); *see, e.g., United States v. Johnson*, 564 F.3d 419, 423 (6th Cir. 2009) (holding that a defendant sentenced to a mandatory minimum sentence could not benefit from Amendment 706 where the amended Guidelines would still require the same minimum sentence). Whatever merit Defendant's substantive arguments may have, this Court cannot overturn determinations made at sentencing and affirmed by a previous panel of this Court under the guise of a § 3582(c)(2) motion.

In Tennille's appeal on direct review, this Court found:

[T]he record is replete with testimony attributing, in the aggregate, something on the order of 1000 grams of cocaine base to Tennille. Tennille attacks these quantities of cocaine only by questioning the credibility of the witnesses. This court cannot, at this appellate remove, second-guess the trial court's assessment of the credibility of the

witnesses. Therefore, we find no clear error in the district court's determination of the amount of cocaine for which the defendant is accountable.

*United States v. Tennille*, 2000 WL 191725, at *3. The district court in reviewing this § 3582(c)(2) motion did not abuse its discretion given the previous determination that Tennille was responsible for more than 50 grams of crack cocaine both at trial and on direct review.

Finally, Tennille contends that he did not have the requisite two previous felony drug convictions that would trigger the mandatory life sentence. It is unclear from his briefing which previous conviction he thinks was not a felony. The Presentence Report ("PSR") indicates two separate felony drug convictions for possession with intent to deliver cocaine. The first occurred on September 21, 1986, and the second occurred on June 30, 1987. The PSR also indicates a conviction for possession with intent to deliver a controlled substance on February 25, 1994. (PSR at 13-15). At sentencing, Tennille's lawyer appears to have contested this third conviction, arguing that "it is questionable to me in reviewing this since the penalty was 183 days in custody, whether or not [Tennille] in fact, did enter a plea to an amendment or the original [felony] charge." (Appx. at 41). Tennille has come forward with no evidence to suggest that this conviction is not a felony. In any case, this determination was made at the initial sentencing, and a § 3582(c)(2) motion is not the proper means of relitigating issues that were decided in the original sentencing. *Metcalfe*, 581 F.3d at 459

**CONCLUSION**

For the foregoing reasons, the judgment of the district court denying Defendant's motion to modify his sentence is **AFFIRMED**.[1]

---

[1] As a result of this disposition of the case, all pending motions are dismissed as moot.