NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 10a0415n.06

**No. 09-3645**

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

**FILED**
**Jul 12, 2010**
LEONARD GREEN, Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | ON APPEAL FROM THE |
| Plaintiff -Appellee, | ) | UNITED STATES DISTRICT |
| | ) | COURT FOR THE SOUTHERN |
| v. | ) | DISTRICT OF OHIO |
| | ) | |
| KEITH W. DEWITT, | ) | |
| | ) | |
| Defendant-Appellant. | ) | |
| | ) | |

**Before: GILMAN and WHITE, Circuit Judges; and THAPAR, District Judge.** [*]

**HELENE N. WHITE, Circuit Judge.** Defendant Keith DeWitt[1] (DeWitt) appeals from

the district court's order denying his motion for reduction of sentence under 18 U.S.C. § 3582(c).

We AFFIRM.

**I**

In September 1998, a federal grand jury returned a seven-count indictment charging DeWitt

with conspiracy to possess with intent to distribute more than one kilogram of heroin and more than

five kilograms of cocaine, including crack; with money laundering; and with making false statements

on federal income tax returns. DeWitt pleaded guilty of one count of conspiring to possess with

---

[*]The Honorable Amul R. Thapar, United States District Judge for the Eastern District of Kentucky, sitting by designation.

[1]DeWitt signs his name with a capital W, and that spelling is used in the PSR and on this court's docket sheet. The district court docket sheet and this court's prior opinions, however, use "Dewitt."

intent to distribute more than one kilogram of heroin and more than five kilograms of cocaine, on one count of money laundering, and on one count of making false statements on federal income tax returns.

The presentence report (PSR) prepared in 2000 calculated an offense level of 42, less two levels for acceptance of responsibility, and placed Dewitt in criminal history category I. The pertinent statutes provided for sentences of a 10-year mandatory minimum up to life imprisonment for the drug count; up to 20 years for the money laundering count; and up to 3 years for income-tax evasion. The PSR calculated a Guidelines range of 292 to 365 months and recommended concurrent sentences of 300 months, 240 months, and 36 months, respectively.

Before sentencing, the district court heard evidence regarding conduct for which DeWitt had been acquitted in state court, and found by a preponderance of the evidence that DeWitt had committed one murder and abetted another. The district court determined that DeWitt had a base offense level of 36, and added 2 levels because it found that DeWitt possessed a firearm during the conspiracy, and 4 levels because it found that he played a leadership role in the conspiracy. *See United States v. DeWitt*, 304 F. App'x 365, 369 (6th Cir. 2008) (unpublished disposition), *cert. denied*, 129 S. Ct. 2024 (2009). Based on the adjusted offense level of 42 and criminal history category I, DeWitt's Guidelines range was 360 months to life imprisonment. The district court sentenced DeWitt to life, 240 months, and 36 months on the respective counts, under the then-mandatory Guidelines. *Id.* at 366-67.

DeWitt appealed, and this court vacated the sentences and remanded for resentencing under *United States v. Booker*, 543 U.S. 220 (2005). *United States v. DeWitt*, 145 F. App'x 980 (6th Cir. 2005). On remand, the district court again sentenced DeWitt to life imprisonment, 240 months, and 36 months. *See DeWitt*, 304 F. App'x at 366-67. DeWitt appealed his resentencing and this court affirmed, finding that the district court did not violate DeWitt's Fifth or Sixth Amendment rights by considering state-court acquitted conduct concerning the murder of two persons that was supported by a preponderance of the evidence. *Id.* at 368.

DeWitt filed a motion for reduction of sentence pursuant to 18 U.S.C. § 3582. DeWitt was determined to be eligible for a reduction,[2] and the amended Guidelines range was calculated based on offense level 40 and criminal history category I (292-365 months). The Government objected to DeWitt's motion, noting that "DeWitt's life sentence was based on the Court's finding that he had participated in two murders as a part of his drug activities." A post-sentencing addendum to the PSR, which the district court had requested, recommended against a reduction because DeWitt's release would pose "an extreme danger to the community."

The district court denied DeWitt's motion for reduction of sentence, and this appeal ensued.

## II

This court reviews for abuse of discretion a district court's decision to deny a motion for reduction of sentence pursuant to 18 U.S.C. § 3582(c)(2). *United States v. Metcalfe*, 581 F.3d 456,

---

[2]*See* Southern District of Ohio General Order Nos. 08-02 and 08-03, available from www.ohsd.uscourts.gov under "General Orders," and found under the title "District-Wide Orders."

459 (6th Cir. 2009). This standard is in keeping "with the language of the statute, which provides that the court *may* reduce the term of imprisonment." *Id.* (citation and internal quotation marks omitted). "A district court abuses its discretion when it relies on clearly erroneous findings of fact, applies the law improperly, or uses an erroneous legal standard." *Metcalfe*, 581 F.3d at 459 (citing *United States v. Lineback*, 330 F.3d 441, 443 (6th Cir. 2003)).

18 U.S.C. § 3582(c) provides in pertinent part:

(c) **Modification of an imposed term of imprisonment.** – The court may not modify a term of imprisonment once it has been imposed except that –

(2) in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant . . . the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(2).

Effective November 1, 2007, U.S.S.G. § 2D1.1(c) was amended to reduce the base offense level for most crack cocaine offenses. U.S.S.G. App. C, Amend. 706. The amendment adjusts downward by two levels the base offense levels for the quantities of crack . . . . Effective March 3, 2008, the amendments to the cocaine-base guideline were made retroactive, so that a defendant serving an eligible cocaine-base sentence can file a motion for a sentence reduction. *See* 73 Fed. Reg. 217-01 (Jan. 2, 2008); § 1B1.10(a)(1), (c) (Supp. 2008); *see* 18 U.S.C. § 3582(c)(2).

*United States v. Poole*, 538 F.3d 644, 645-46 (6th Cir. 2008).

**A**

DeWitt contends that the district court erred in denying his §3582 motion without holding a hearing, and without considering the § 3553(a) factors. We conclude that neither argument warrants a remand.

First, DeWitt's motion for reduction of sentence did not request a hearing, nothing in § 3582(c)(2), quoted *supra*, requires a hearing, and Fed. R. Crim. P. 43(b)(4) provides that "[a] defendant need not be present" at a "proceeding involv[ing] the correction or reduction of sentence . . . under 18 § 3582(c)." Second, the district court stated in its order denying DeWitt's motion for reduction of sentence that it had re-analyzed DeWitt's sentence in light of the § 3553(a) factors and the recalculated Guidelines range:

> Pursuant to the reasoning set forth by the United States Probation Office, in its Post-Sentencing Addendum to the Presentence Report (filed under seal, with a copy mailed to Defendant, at Doc. # 423), and the Government's Response in Opposition (Doc. #422) to Defendant's Motion to Reduce Sentence (Doc. #419), as well as upon this Court's review of notes made contemporaneous with the initial and second sentencing of this Defendant, this Court concludes that, while Defendant is eligible for application of the new Cocaine-base Guideline reduction, said Defendant's Motion for a Reduction of Sentence pursuant thereto (Doc. #419) is overruled. The basis of this Court's reasoning, in addition to the foregoing, is its conclusion that this Defendant represents a serious danger to the safety of the community. It reaches this conclusion, based upon the aforesaid, and based upon a re-analysis of the Defendant's sentence, in light of both the Advisory Sentencing Guidelines and the statutory factors of sentencing set forth in 18 U.S.C. § 3553(a). In short, the Defendant's conduct while within the [prison/]institution does not outweigh the serious risk that this Court has concluded Defendant represents to the community. [R. 424.]

Third, although the parties cite no published authority from this circuit addressing DeWitt's arguments, a panel of this court decided *United States v. Curry*, No. 08-1732, 2010 WL 455364 (6th Cir. Feb. 10, 2010) (unpublished disposition), during the pendency of this appeal. It rejected similar

arguments: that the district court abused its discretion by denying a § 3582 motion for resentencing without conducting a hearing and without expressly considering all the relevant sentencing factors. The *Curry* panel determined that the record had been amply developed before the § 3582 motion, that the sentencing judge had considered the relevant factors at the original sentencing and at the resentencing under *Booker*, and that the judge ruling on Curry's motion to reduce sentence had reviewed the entire record. It concluded that, under the circumstances, the district court did not abuse its discretion in denying the motion:

> In the present case, the district court did not conduct a hearing on Curry's motion, and did not expressly consider all the § 3553 factors that might have been relevant. Curry argues that the district court abused its discretion in denying the motion without either specifically articulating the reasons for doing so or identifying factors in Curry's particular record that justified the denial. The only case Curry cites in support of his argument that the lack of specificity constituted an abuse of discretion is *United States v. Williams*, 557 F.3d 1254 (11th Cir. 2009). [] That case, besides being from the Eleventh Circuit, does not advance Curry's cause, as it simply held that while a district court "'must *consider* the factors listed in § 3553(a)' when determining whether to reduce a defendant's original sentence . . . [,] the district court is not required to articulate the applicability of each factor, 'as long as the record as a whole demonstrates that the pertinent factors were taken into account by the district court.'" *Williams*, 557 F.3d at 1256 (emphasis added) (quoting *United States v. Vautier*, 144 F.3d 756, 762 (11th Cir. 1998) (citing *United States v. Eggersdorf*, 126 F.3d 1318, 1322 (11th Cir. 1997)).
>
> In *Eggersdorf*, the Eleventh Circuit found, in the context of reviewing the denial of a motion for resentencing under § 3582(c)(2), that the district court's order, though short, was "based on the record as a whole" and "enunciated sufficient reasons for its order denying resentencing." *Eggersdorf*, 126 F.3d at 1322. There, although the district court had not specifically weighed the § 3553(a) factors, the Eleventh Circuit held that the lower court had not abused its discretion and had provided sufficient reasons for its decision to deny resentencing, "[e]specially considering that the district court's final order specifically referenced the Government's Opposition, which in turn cited specific elements that were relevant to the necessary section 3553(a) inquiry and that were supported by the record . . . ." *Id.* at 1323.

The same principles apply here. Clearly, the district court's order denying Curry's motion to resentence was cursory at best. However, as in *Eggersdorf*, the record had been amply developed before the resentencing motion at issue here was filed. Judge Quist [who had imposed the original 87-month sentence (the Guidelines range being 87-108 months), and the post-*Booker* below-Guidelines sentence of 75 months] had already considered the relevant factors in some depth at the original sentencing and the first resentencing under *Booker*, at which time he imposed a (then) below-guidelines sentence of 75 months. Judge Jonker [to whom Judge Quist referred Curry's § 3582 motion for resentencing] indicated he had reviewed the entire record, including the parties' recommendations, and had considered all the relevant § 3553(a) factors and the Sentencing Guidelines in making his decision. Under the circumstances, this Court cannot conclude that he abused his discretion in denying the defendant's motion for further modification of his sentence.

*Curry*, 2010 WL 455364, at *6-7.

In the instant case, the same judge presided over the multi-year proceedings, including DeWitt's original sentencing, his resentencing under *Booker*, and his § 3582 motion for reduction of sentence. As in *Curry* (and *Eggersdorf*, discussed in *Curry*), the record had been amply developed before the resentencing motion and the record as a whole demonstrates that the court took into account the pertinent sentencing factors.

We conclude that the district court did not err by ruling on DeWitt's motion for reduction of sentence without holding a hearing and without expressly referencing the pertinent sentencing factors in its order denying the motion.

**B**

DeWitt also argues that the district court abused its discretion by failing to recalculate the advisory Guidelines and in denying his motion for reduction of sentence. Noting that the recalculated Guidelines call for a 30-year term, DeWitt asserts that the court did not consider whether any sentence

other than life imprisonment could have protected the public, and did not take into account his exemplary prison record.

The record belies DeWitt's argument that the district court failed to recalculate the advisory Guidelines. On the district court's request, a post-sentencing addendum to the PSR was prepared that recalculated the Guidelines, and the court adopted its reasoning in its order denying DeWitt's § 3582 motion. The district court's order also stated that it re-analyzed DeWitt's sentence in light of the recalculated advisory Guidelines. Although the district court's order did not state the recalculated Guidelines range (i.e., 292 to 365 months), it cannot fairly be said that the court failed to recalculate the advisory Guidelines range or take it into account.

The district court's order also makes clear that it did consider DeWitt's prison record, as evidenced by its reference thereto: "Defendant's conduct while within the [prison/]institution does not outweigh the serious risk that this Court has concluded Defendant represents to the community." R. 424. The district court's balancing of DeWitt's prison record against its assessment of the danger DeWitt would pose to the community were his sentence reduced is in keeping with U.S.S.G. § 1B1.10 cmt. n. 1(B), which provides that when determining whether a defendant should receive a sentence reduction under § 3582(c)(2), "the court shall consider the nature and seriousness of the danger to any person or the community that may be posed by a reduction in the defendant's term of imprisonment."

We conclude that the district court did not abuse its discretion in denying DeWitt's § 3582 motion for reduction of sentence, and **AFFIRM**.