[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 07-15284
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MARCH 2, 2009
THOMAS K. KAHN
CLERK

D. C. Docket No. 07-20242-CR-WJZ

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

FRANCISCO CONCEPCION,
FREDDIE LARA,

Defendants-Appellants.

_____

Appeals from the United States District Court
for the Southern District of Florida

_____

(March 2, 2009)

Before EDMONDSON, Chief Judge, BIRCH and DUBINA, Circuit Judges.

PER CURIAM:

Defendants Francisco Concepcion and Freddie Lara appeal their convictions for conspiracy to possess with intent to distribute cocaine, in violation of 21 U.S.C. §§ 841, 846. Lara also appeals his 216-month sentence. No reversible error has been shown; we affirm.

Both Defendants challenge the sufficiency of the evidence to support their convictions and argue that no "meeting of the minds" occurred. We review de novo a preserved sufficiency-of-the-evidence challenge, "viewing the evidence in the light most favorable to the government, with all reasonable inferences and credibility choices made in the government's favor." United States v. Wright, 392 F.3d 1269, 1273 (11th Cir. 2004) (internal quotation omitted).

To convict Defendants for drug distribution conspiracy, the government had to establish the following things beyond a reasonable doubt: (1) the existence of an illegal agreement; (2) Defendants' awareness of the illegal agreement; and (3) that Defendants knowingly and voluntarily joined the agreement. United States v. Hernandez, 433 F.3d 1328, 1333 (11th Cir. 2005); see also United States v. Arbane, 446 F.3d 1223, 1229 (11th Cir. 2006) (government must prove that defendant came to a "meeting of the minds" with someone else to achieve the

2

unlawful result). The agreement can be proven by circumstantial evidence, including conduct of the alleged participants. United States v. Obregon, 893 F.2d 1307, 1311 (11th Cir. 1990).

We conclude that sufficient evidence existed for a jury reasonably to infer that Concepcion and Lara conspired with each other to possess with intent to distribute cocaine. A confidential informant ("CI") who contacted Lara to conduct a cocaine transaction testified about the negotiations for this transaction, which were conducted through controlled meetings and phone calls. The statements and acts of Lara and Concepcion revealed these things: (1) Lara insisted that Concepcion be present at one of the meetings with the CI before they began discussing terms of the drug deal; and, at a separate meeting, Lara conferred with Concepcion after the CI proposed payment terms; (2) Concepcion and Lara told the CI that they did not pay for drugs up front, were very careful in their drug activities, and never had been arrested; and (3) Conception agreed to provide a car to the CI with a secret compartment to facilitate the transportation of the drugs to New York.

Based on these statements and acts, it is sufficiently clear that Lara and Concepcion actively participated together in the drug deal negotiation with the CI. Lara considered Concepcion as someone with an interest in the deal. And

3

Concepcion clearly facilitated the drug distribution agreement by offering the car, explaining previous drug transactions, and participating in meetings with Lara and the CI.[1]

After the CI's testimony, the government revealed that agents were planning to arrest Lara no matter the outcome of the controlled meeting because he had an outstanding arrest warrant. Concepcion moved to sever their trials because the joint trial prevented him from cross-examining the arresting agent about the reason for the arrest. On appeal, Concepcion argues that he was prejudiced by not being able to question the agent about the reason for the arrest, maintaining that he was arrested because of Lara's warrant and not the alleged conspiracy.

Motions for severance raised during trial more accurately are classified as motions for a mistrial; and we review their denial for an abuse of discretion. See United States v. Blankenship, 382 F.3d 1110, 1119 n.20 (11th Cir. 2004). To show that a new trial is warranted by the district court's denial of a mid-trial motion to sever, a defendant must establish that he was prejudiced by the joint trial. Id. at 1122. We conclude that Concepcion's inability to cross-examine the arresting

---

[1]Concepcion maintains that his statement -- made at the controlled meeting where the two were arrested -- that he was not part of the drug deal but, instead, was just helping Lara "get around" shows there was no meeting of the minds. Concepcion's other acts and statements during meetings and phone calls belie this single statement. We reject Lara's argument that any agreement was not for more than 5 kilograms of cocaine; the discussions with the CI were about 50 kilograms of cocaine.

agent about Lara's warrant caused him no prejudice.  The government stated -- and the evidence showed -- that Concepcion's arrest was based on his conspiring with Lara, which was independent of the agents' reasons for arresting Lara.  In addition, Lara's warrant never was mentioned during trial.[2]

Lara argues that the district court violated Fed.R.Evid. 404(b) by allowing testimony about his connections to the Cali Cartel and previous drug deals because this evidence was irrelevant and prejudicial.  Because Lara did not object to the admission of this evidence in the district court, we review his present claim for plain error.  United States v. Baker, 432 F.3d 1189, 1202 (11th Cir. 2005).

Evidence of uncharged criminal activities and prior bad acts generally is considered inadmissible extrinsic evidence, but it is admissible to show, among other things, intent.  Fed.R.Evid. 404(b).  And evidence of uncharged crimes is not extrinsic under Rule 404(b) if it is inextricably intertwined with evidence about the charged offense.  Wright, 392 F.3d at 1276.

Evidence of Lara's involvement with the Cali cartel and of his prior drug deals was relevant to the charged conspiracy.  Lara mentioned the cartel and his

---

[2]Concepcion also argues that he was prejudiced because he was unable to cross-examine Lara about the warrant.  But Concepcion did not base his motion to sever on his desire to have Lara testify.  Still, we discern no error because Concepcion neither offered any bona fide need for Lara's testimony nor explained the substance and exculpatory nature of the desired testimony.  See United States v. Browne, 505 F.3d 1229, 1269 (11th Cir. 2007), cert. denied, 128 S.Ct. 2962 (2008).

prior drug deals while negotiating with the CI for cocaine; thus, the evidence

helped establish Lara's intent to possess cocaine. The references also were

inextricably intertwined with evidence introduced to prove the conspiracy because

they were made by Lara and Concepcion during negotiations over the deal's

payment terms. We conclude that the probative value of this evidence was high,

and any prejudicial impact was minor. Thus, the evidence was not subject to

exclusion under Fed.R.Evid. 403.

Both Defendants raise challenges to jury instructions.[3] Concepcion argues

that the district court erred in giving the jury an aiding and abetting instruction

because it was not charged in the indictment nor was evidence of aiding and

abetting presented at trial. But a district court commits no error by instructing a

jury on aiding and abetting when the indictment charges only conspiracy offenses.

United States v. Walker, 621 F.2d 163, 166 (5th Cir. 1980).

About Lara, the district court instructed the jury that he had to join

"knowingly and intentionally" the conspiracy; but Lara argues that the court should

have instructed the jury that his participation in the conspiracy had to be willful.

The court's instruction tracks the statutory language of the offense. 21 U.S.C. §§

---

[3]We review de novo the legal correctness of a district court's jury instructions, but a district court has broad discretion in phrasing jury instructions. United States v. Mintmire, 507 F.3d 1273, 1292-93 (11th Cir. 2007).

841, 846.  We discern no error.  See United States v. Polar, 369 F.3d 1248, 1252-53 (11th Cir. 2004) (a district court does not err by failing to instruct the jury on "willfulness" when a statute makes it a crime to commit "knowingly" a crime and pattern jury instructions do not trump a statute's plain language).

We turn to Lara's challenges to his sentence.  He argues that the district court erred in considering his New York convictions in calculating his criminal history score because the record does not indicate that counsel was present during the state court proceedings.  Lara did not raise this claim in the district court; so we review it for plain error.  United States v. Mangaroo, 504 F.3d 1350, 1353 (11th Cir. 2007). A defendant can collaterally attack, during sentencing, the validity of a prior conviction used to enhance his sentence if such conviction was obtained in violation of the right to counsel.  Custis v. United States, 114 S.Ct. 1732 (1994).  But here, Lara offered no evidence that the state court denied his right to counsel.  Therefore, we conclude that the district court committed no error, plain or otherwise.

Lara also argues that he should not have received points for the New York convictions because was not present at the start of his trial. But Lara relies on Crosby v. United States, 113 S.Ct. 748 (1993), which construed Fed.R.Crim.P. 43: Rule 43 is not applicable to Lara's state convictions.  See Scruggs v. Williams, 903

F.2d 1430, 1434 (11th Cir. 1990) (concluding that the Federal Rules of Criminal Procedure do not apply in state courts).[4]

Lara also argues that his sentence is procedurally unreasonable because the district court did not analyze adequately his case under the 18 U.S.C. § 3553(a) factors. When reviewing a sentence, we must, in pertinent part, ensure that no procedural error occurred, such as the district court improperly calculating the guidelines, basing a sentence on clearly erroneous facts, failing to consider the section 3553(a) factors, or failing to explain a variation from the guidelines. United States v. Livesay, 525 F.3d 1081, 1091 (11th Cir. 2008). The district court must adequately explain the reasons for the sentence imposed so that we can conduct meaningful appellate review, but this does not require the district court to discuss each of the section 3553(a) factors. Id. at 1090.

We conclude that no procedural error occurred. In pronouncing sentence, the district court stated that it had considered the arguments of the parties, the facts and circumstances surrounding the crime, the statements contained in the PSI, the advisory guidelines range, and the section 3553(a) factors. The court noted that an

---

[4]Lara also challenges the district court's drug quantity determination. But he is precluded from challenging this determination because he did not object to the court's adoption of the factual statement -- contained in the presentence investigation report ("PSI") -- that he conspired with Concepcion to possess 15 kilograms of cocaine. United States v. Wade, 458 F.3d 1273, 1277 (11th Cir. 2006) (defendant is precluded from challenging district court's factual findings when he fails to object to the court's findings).

in-range guidelines sentence provided just punishment, protection to the public and deterrence to future criminal conduct.  The district court's statement of reasons was sufficient.  See United States v. Rita, 127 S.Ct. 2456, 2468-69 (2007) (a lengthy explanation is not necessarily required when a judge decides to follow the guidelines in a particular case, especially where a sentencing judge has listened to the arguments of the parties, considered the supporting evidence, and was aware of the special conditions of the defendant).

AFFIRMED.