[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 15-10846
Non-Argument Calendar

_____

D.C. Docket No. 1:07-cr-20242-WJZ-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

FREDDIE LARA,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(September 8, 2015)

Before JORDAN, ROSENBAUM, and JILL PRYOR, Circuit Judges.

PER CURIAM:

Freddie Lara, a federal prisoner proceeding *pro se*, appeals the district

court's grant of his motion for a reduced sentence under 18 U.S.C. § 3582(c)(2)

and Amendment 782 of the United States Sentencing Guidelines.  He argues the district court erred in summarily granting his § 3582(c)(2) motion without discussing the 18 U.S.C. § 3553(a) sentencing factors or otherwise explaining its reasons for the chosen sentence reduction.  Because we find the court's order insufficient to enable meaningful appellate review, we vacate and remand.

## I.

Lara was indicted in 2007 by a federal grand jury for his role in a conspiracy to distribute cocaine.  He pled guilty to conspiracy to possess with intent to distribute five kilograms or more of cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and 846.  Under the 2006 Sentencing Guidelines, Lara was assigned a base offense level of 34 and a criminal history category of III.  This established an advisory guideline range of 188 to 235 months' imprisonment.

The district court sentenced Lara to serve 216 months in prison, stating that a sentence within the guideline range was appropriate based on the record and the 18 U.S.C. § 3553(a) sentencing factors.  On appeal, we held that the district court did not procedurally err in imposing Lara's sentence because its statement of reasons for the sentence was sufficient.  *United States v. Concepcion*, 316 F. App'x 929, 933 (11th Cir. 2009).

In 2014, the Sentencing Commission issued Amendment 782, which reduced the offense level for certain drug-trafficking offenses, including Lara's, by two

levels.  That same year, Lara, proceeding *pro se*, filed a motion to reduce his sentence under § 3582(c)(2) based on Amendment 782.

The government responded and agreed that Lara was eligible for a reduction based on Amendment 782.  Based on the two-level reduction, Lara's guideline range became 155 to 188 months' imprisonment.  In his motion, Lara did not request a specific sentence, but rather generally requested that the court grant a sentence reduction in accordance with § 3582(c)(2), U.S.S.G. § 1B1.10(c), and Amendment 782.  In its response, the government suggested that a sentence at the middle to high end of the amended guideline range was appropriate.  The government did not explain why it thought such a sentence was appropriate.

The district court issued an order granting Lara's motion for a sentence reduction using the two-page AO 247 form.[1]  The court reduced Lara's sentence of imprisonment from 216 months to 188 months.  The form states that the court issued the ruling after considering Lara's motion "and taking into account the policy statement set forth at USSG § 1B1.10 and the sentencing factors set forth in 18 U.S.C. § 3553(a), to the extent that they are applicable[.]"  (Doc. 133 at 1).  Lara now brings this appeal.

## II.

---

[1] AO 247 is a standardized form used by district courts in denying or granting motions for sentence reductions pursuant to 18 U.S.C. § 3582(c)(2).  Page 2 of the form in this case is not part of the record before us.

3

We review a district court's decision whether to reduce a sentence under 18 U.S.C. § 3582(c)(2) for an abuse of discretion. *United States v. Brown*, 332 F.3d 1341, 1343 (11th Cir. 2003). A district court abuses its discretion by failing to apply the proper legal standard or to follow proper procedures when making a determination under § 3582(c)(2). *United States v. Jules*, 595 F.3d 1239, 1241-42 (11th Cir. 2010). We hold *pro se* pleadings to a less stringent standard than pleadings drafted by attorneys and will, therefore, liberally construe them. *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998).

## III.

A district court may reduce a term of imprisonment if a defendant's sentence is "based on a sentencing range that has subsequently been lowered by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). In considering a § 3582(c)(2) motion, a district court must engage in a two-part analysis. *United States v. Bravo*, 203 F.3d 778, 780 (11th Cir. 2000).

First, the court must recalculate the applicable guideline range, substituting only the amended guideline for the one originally used. *Id.* Then, the court must decide, after analyzing the § 3553(a) factors, whether to reduce the defendant's original sentence. *Id.* at 781; 18 U.S.C. § 3582(c)(2) (stating that the "the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable"); U.S.S.G. § 1B1.10 cmt. n.1(B)(i) (stating that the court "shall" consider the § 3553(a) factors in

4

determining whether to grant a § 3582(c)(2) motion).  The district court is not required to articulate the applicability of each factor as long as the record as a whole demonstrates that the pertinent factors were taken into account.  *United States v. Williams*, 557 F.3d 1254, 1256 (11th Cir. 2009).

Here, the district court reduced Lara's sentence to the top of the amended guideline range, 188 months' imprisonment, which amounted to a 28-month reduction in Lara's original sentence.  Other than the form order's stock language that the court considered the § 3553(a) sentencing factors, however, the court's order gives no indication of the court's reasoning for its chosen sentence or its consideration of the § 3553(a) factors.

While it is true that the district court need not explicitly discuss each of the § 3553(a) factors, either the court's explanation or the record as a whole must demonstrate that the court adequately considered those factors.  *United States v. Eggersdorf*, 126 F.3d 1318, 1322 (11th Cir. 1997); *see, e.g.*, *United States v. Scott*, 426 F.3d 1324, 1329-30 (11th Cir. 2005) (holding that that district court adequately addressed the § 3553(a) factors when the defendant argued "at length" at the sentencing hearing based on the § 3553(a) factors and the court explicitly considered the circumstances of the offenses and acknowledged that it had considered the defendant's arguments); *United States v. Vautier*, 144 F.3d 756, 761 (11th Cir. 1998) (finding adequate consideration of the § 3553(a) factors where the "district court cited defendant's demonstrated violence and . . . all the other

5

considerations that went in to the establishment of this defendant's sentence" (internal quotation marks)); *Eggersdorf*, 126 F.3d at 1322-23 (finding adequate consideration of the § 3553(a) factors where the defendant's motion listed the factors and the government's response, cited by the court in its order, discussed "specific elements that were relevant to the necessary section 3553(a) inquiry").

The government argues that the district court's order should be affirmed because the "record as a whole" shows that the court considered the § 3553(a) factors, given that the form order itself, which was signed by the district judge, explicitly states that the court considered the § 3553(a) factors. But despite the conclusory statement that it had considered the § 3553(a) factors, the court provided no explanation of its reasons for imposing the sentence that it did. And the record otherwise does not demonstrate that the court considered the pertinent factors. Neither Lara's motion nor the government's response discussed factors relevant to the § 3553(a) inquiry, and no hearing was held on Lara's motion. *See, e.g.*, *United States v. Smith*, 568 F.3d 923, 928 (11th Cir. 2009) (holding that the record demonstrated that the court considered the § 3553(a) factors where the parties' § 3582(c)(2) filings presented arguments pertinent to the § 3553(a) analysis and the court held a sentencing reduction hearing). All we have for review is a form order with no reasoning. In short, we lack any detail, however minute, as to what was considered by the district court when it reduced Lara's sentence of imprisonment to 188 months.

6

The government suggests that the "district court carried its original sentencing determination—that Lara deserved a sentence above the middle of his advisory sentencing guidelines range—over to its determination" on Lara's § 3583(c)(2) motion.  Had that been the case, it may provide adequate insight into the court's reasoning.  The record here does not support that contention, however.  Lara's original sentence of 216 months' imprisonment was slightly higher than the middle of the 188- to 235-month guideline range, but still well below the top of the range.  If the court intended to carry over its original sentencing determination, presumably Lara's reduced sentence would have been closer to the middle of the 155- to 188-month amended guideline range, rather than at its apex.[2]

On this record, we cannot conclude that the district court adequately considered the § 3553(a) factors in making its reduction determination.  *See Williams*, 557 F.3d at 1257.  "Without such information, we cannot engage in meaningful appellate review and must vacate and remand."  *United States v. Douglas*, 576 F.3d 1216, 1220 (11th Cir. 2009).

## IV.

Accordingly, the district court's order granting Lara's § 3582(c)(2) motion is **VACATED** and this case is **REMANDED** for further proceedings consistent with

---

[2] From low end to high end, Lara's original guideline range spanned 47 months (from 188 to 235).  Lara's original sentence was 28 months above the low end, or about 60% of the total 47-month range (0.60 x 47 = 28.2).  If the court intended to sentence Lara at an equivalent point in his amended guideline range (with a range of 33 months), for example, it would have imposed a sentence of around 175 months' imprisonment, or 20 months' above the low end of the range (0.60 x 33 = 19.8).

this opinion.