[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

————————————————

No. 16-10394
Non-Argument Calendar

————————————————

D.C. Docket No. 1:07-cr-20242-WJZ-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

FREDDIE LARA,

Defendant-Appellant.

————————————————

Appeals from the United States District Court
for the Southern District of Florida

————————————————

(June 20, 2016)

Before TJOFLAT, ROSENBAUM, and JILL PRYOR, Circuit Judges.

PER CURIAM:

In 2007 Freddie Lara was convicted of conspiracy to possess with intent to

distribute five or more kilograms of cocaine, in violation of 21 U.S.C. §§ 846 and

841(a)(1), and sentenced to serve 216 months in prison. The sentence was slightly above the middle of his guideline range of 188 to 235 months of imprisonment. In 2014, Lara, proceeding *pro se*, filed a 18 U.S.C. § 3582(c)(2) motion for a sentence reduction based on Amendment 782, which reduced the offense levels for certain drug-trafficking offenses. The district court granted the motion and reduced Lara's sentence to 188 months of imprisonment, the high end of his amended guideline range of 151 to 188 months.

Lara appealed the district court's order, arguing that the order was insufficient to allow for meaningful review because the court gave no explanation of its reasons for the partially reduced sentence. We agreed, finding that "the court's order gives no indication of the court's reasoning for its chosen sentence or its consideration of the § 3553(a) factors." *United States v. Lara*, 626 F. App'x 799, 801 (11th Cir. 2015). We noted a discrepancy between where Lara was sentenced within his original guideline range (near the middle) and where he was sentenced within his amended guideline range (at the top). Because we "lack[ed] any detail, however minute, as to what was considered by the district court when it reduced Lara's sentence of imprisonment to 188 months," we vacated the district court's order and remanded for further proceedings. *Id.* at 801–02.

On remand, Lara filed a brief in support of his request for a sentence of 151 months of imprisonment, the low end of his amended guideline range. In his brief,

Lara detailed his post-sentence rehabilitation while in prison, asserted that reducing his sentence would pose no threat to the community because he was 49 years old and he faced an undischarged state prison sentence and deportation upon his release from federal custody. Lara also argued that society's evolving understanding of drug crimes indicated that his sentence was longer than necessary.

The district court issued a seven-page order granting Lara's motion and again reducing his sentence to 188 months of imprisonment. In contrast to the court's original order, which was silent about the court's reasons and its consideration of the 18 U.S.C. § 3553(a) sentencing factors, the court's order on remand contains an explicit discussion of the § 3553(a) factors and the court's reasons for resentencing Lara to the high end of the amended guideline range. Lara again appeals the partial reduction of his sentence.

Lara challenges the district court's order on two main grounds. First, Lara asserts, the district court on remand violated the spirit of this Court's mandate by simply justifying its original decision rather than reconsidering the § 3553(a) factors in an objective and unbiased way. Second, Lara contends, the court abused its discretion by refusing to properly weigh and consider the § 3553(a) factors, including his extensive post-sentencing rehabilitation, the fact that he would pose

3

no danger to the community if released earlier, and a societal recognition that drug sentences are excessive as a general matter.

We review a district court's decision whether to reduce an eligible defendant's sentence under § 3582(c)(2) for an abuse of discretion. *United States v. Williams*, 557 F.3d 1254, 1256 (11th Cir. 2009). A district court abuses its discretion by failing to apply the proper legal standard or to follow proper procedures when making a determination under § 3582(c)(2). *United States v. Jules*, 595 F.3d 1239, 1241-42 (11th Cir. 2010).

In evaluating whether and to what extent a sentence reduction is warranted, the district court "must consider the sentencing factors listed in 18 U.S.C. § 3553(a), as well as public safety considerations, and may consider the defendant's post-sentencing conduct." *Williams*, 557 F.3d at 1256; *see* 18 U.S.C. § 3582(c)(2); U.S.S.G. § 1B1.10 cmt. n.1(B). The district court is not required to discuss each § 3553(a) factor as long as the record as a whole demonstrates that the pertinent factors were taken into account.[1] *Williams*, 557 F.3d at 1256; *see also United States v. Smith*, 568 F.3d 923, 927–29 (11th Cir. 2009).

Here, the district court did not abuse its discretion by resentencing Lara to 188 months of imprisonment following our remand. As an initial matter, the court

---

[1] The § 3553(a) sentencing factors include the nature and circumstances of the offense, the history and characteristics of the defendant, the applicable guideline range, and the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, to afford adequate deterrence to criminal conduct, and to protect the public. 18 U.S.C. § 3553(a)(1)-(2), (4).

did not violate the spirit of our mandate. *See Piambino v. Bailey*, 757 F.2d 1112, 1119 (11th Cir. 1985) ("The trial court must implement both the letter and the spirit of the mandate, taking into account the appellate court's opinion, and the circumstances it embraces." (citations omitted)). We remanded Lara's case because the court's original § 3582(c)(2) order and the record as a whole were insufficient to show what the court considered when it reduced Lara's sentence of imprisonment to 188 months, not because we disagreed with the substance of the district court's decision. *Lara*, 626 F. App'x at 801. Without any explanation from the district court, we could not meaningfully review the sentence imposed. *Id.* at 801–02; *see Williams*, 557 F.3d at 1257. In keeping with both the letter and spirit of our mandate, the district court has now provided an explanation and an explicit discussion of the § 3553(a) sentencing factors. The court was not required to reconsider the § 3553(a) factors or impose a different sentence on remand.

Turning to the merits of the district court's decision, Lara has not shown that the district court abused its discretion in weighing the § 3553(a) factors and refusing to grant the extent of reduction sought by Lara. *See Williams*, 557 F.3d at 1257 ("[The court's] decision whether to reduce the defendant's sentence, and to what extent, remains discretionary."). "[T]he abuse of discretion standard allows a range of choice for the district court, so long as that choice does not constitute a clear error of judgment." *United States v. Drury*, 396 F.3d 1303, 1315 (11th Cir.

2005) (quotation marks omitted).  Absent a clear error of judgment or mistake of law, we must defer to the district court's determination.  *See id.*

Here, the district court's order is sufficient to show that it considered the § 3553(a) factors and had a reasoned basis for sentencing Lara to the high end of the amended guideline range.  The court's order references numerous § 3553(a) factors, including the nature and characteristics of the underlying offense, Lara's criminal history, and the amended guideline range.  The court also stated that it had considered Lara's post-remand brief, which addressed his post-sentence rehabilitation, public safety considerations, and other pertinent § 3553(a) factors.  *See Williams*, 557 F.3d at 1256.  Thus, the record as a whole shows that the court adequately considered the relevant § 3553(a) factors.  *See id.* at 1256–57; *Smith*, 568 F.3d at 928–29.  While the court was permitted to take into account Lara's post-sentencing conduct, it was not required to do so.  *See Williams*, 557 F.3d at 1256.  Finally, though Lara may disagree with how the district court weighed the § 3553(a) factors, he has not shown that the court committed a clear error in judgment by resentencing him to the high end of the amended guideline range.  *See Drury*, 396 F.3d at 1315.  Because the district court did not abuse its discretion, we affirm, and reassignment to a different judge on remand is unnecessary.

**AFFIRMED.**