NOT RECOMMENDED FOR PUBLICATION
File Name: 16a0564n.06
No. 15-2582

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

FILED

Oct 05, 2016

DEBORAH S. HUNT, Clerk

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | ON APPEAL FROM THE |
| v. | ) | UNITED STATES DISTRICT |
| | ) | COURT FOR THE WESTERN |
| CHARLES BRIM, JR., | ) | DISTRICT OF MICHIGAN |
| | ) | |
| Defendant-Appellant. | ) | OPINION |
| | ) | |

BEFORE: SUTTON and STRANCH, Circuit Judges; STEEH, Senior District Judge. [*]

GEORGE CARAM STEEH, Senior District Judge.

Defendant Charles Brim, Jr. appeals the denial of his motion for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2). Finding no abuse of discretion, we affirm.

## I.     FACTUAL AND PROCEDURAL BACKGROUND

In 2012, Brim pleaded guilty to conspiracy to distribute and to possess with intent to distribute five kilograms or more of cocaine and 280 grams or more of cocaine base in violation of 21 U.S.C. § 846. (PgID 36, 46). Based on a total offense level of 31 and a criminal history category of V, the sentencing guideline range was calculated at 168 to 210 months. (PgID 119). Probation recommended a sentence of 168 months. (PgID 123). Brim requested a variance on the grounds, among other things, that he was a street dealer who had never served any significant

---

[*] The Honorable George Caram Steeh, Senior United States District Judge for the Eastern District of Michigan, sitting by designation.

custodial time. (R. 32). The district court granted the variance and imposed a sentence of 144 months, two years below the bottom of the advisory range. (PgID 156, 197).

At the sentencing hearing, the district court gave a detailed analysis of its decision to grant the variance. (PgID 190-97). The court explained that significant drug quantities were involved because of the "slow and steady drip of drugs" at seven locations involving a very significant distribution network over a lengthy period of time. (PgID 191). Despite this complex conspiracy, the court noted that Brim's involvement was predominantly "of fairly low-level activity," suggesting that the district court agreed with Brim's argument that he was a "street-level dealer." (PgID 185, 194). The court commented that Brim had not served the significant custodial time that would be expected of a defendant classified as criminal history V, suggesting that the crimes were not at the most serious level, and that it was through Brim's intelligence and charisma that he had avoided greater penalty for his criminal activity. (PgID 192, 195).

The district court did not place much weight on Brim's cooperation with law enforcement, as he had already received a significant benefit for that assistance because of the government's promise not to file notice of his prior drug felonies, which could have resulted in a mandatory life sentence. (PgID 192-94). The district court indicated that a downward variance would afford Brim an opportunity, sooner rather than later, to make good on his representations to the court that his conviction marked a turning point in his life, and that upon release, he would apply his considerable skills in a positive direction. (PgID 192, 195-96).

While incarcerated, Brim completed a number of vocational courses, but also had several disciplinary infractions for being insolent to staff and refusing to obey orders. (PgID 171). In 2015, Brim filed a motion to reduce his sentence under § 3582(c) based on Amendment 782 to the guidelines, which lowered the sentencing ranges for most drug offenses. (R. 35). The

probation department prepared a sentence modification report ("SMR") which determined that Brim was eligible for a sentence reduction, calculated the new guideline range as 140 to 175 months, and recommended a new sentence of 140 months. (R. 39). Brim and the government filed a stipulation indicating their agreement with the guideline range in the SMR, and agreeing to the entry of an order reducing Brim's sentence to 140 months. (R. 40).

The same district judge that presided over the original sentencing also presided over the resentencing. The district court used the standard AO-247 form order generated by the Administrative Office of the United States Courts for efficient disposition of sentence reduction motions under § 3582(c), checked the box that Brim's motion was denied, and in the additional comments section of the form, commented, "[t]he Court recognizes that Defendant is eligible for reduction, but exercise[s] its discretion to deny reduction on the facts of this record." (R. 41). The form order specifically noted that the court had considered the policy statement set forth at U.S.S.G.§ 1B1.10 and the sentencing factors set forth in 18 U.S.C. § 3553(a). *Id.*

## II. STANDARD OF REVIEW

We review a district court order denying a motion to reduce sentence for an abuse of discretion. *United States v. Moore*, 582 F.3d 641, 644 (6th Cir. 2009). "A district court abuses its discretion when it 'relies on clearly erroneous findings of fact, improperly applies the law, or uses an erroneous legal standard.'" *United States v. Howard*, 644 F.3d 455, 458 (6th Cir. 2011) (quoting *United States v. Munoz*, 605 F.3d 359, 366 (6th Cir. 2010)).

## III. ANALYSIS

On appeal, Brim argues that the district court abused its discretion when it denied his motion for a sentence reduction because it used a form order and did not adequately explain its reasoning. Section 3582(c) allows a court to reduce a sentence premised on a guideline that the

Sentencing Commission later retroactively reduces. 18 U.S.C. § 3582(c). There is no dispute that Brim is eligible for a sentence reduction. When a defendant is eligible for a sentence reduction, the district court must consider the § 3553(a) factors to determine whether a reduction is warranted. *Dillon v. United States*, 560 U.S. 817, 827 (2010). A sentence reduction proceeding under § 3582(c) is "not a plenary resentencing proceeding," and as such, the same degree of procedural formalities that attach to plenary sentencings are not required. *Id.* at 826. The district court must provide some explanation for its decision, although the burden is not a heavy one. *Howard*, 644 F.3d at 460 (citing *United States v. Curry*, 606 F.3d 323, 330-31 (6th Cir. 2010)); *see United States v. Holland*, 391 F. App'x 468, 470 (6th Cir. 2010) (affirming denial of sentence reduction under § 3582(c) where the district court issued a summary order that incorporated by reference "the reasons stated in the government's brief.").

In some circumstances, a summary order will be sufficient, and this most often occurs where the denial is in accord with the original sentencing, or the sentence reduction granted is in the comparable guideline range as the original sentence. Most significantly, in *Curry,* we deemed the district court's order denying a sentence reduction as "cursory at best," but we held that the district court did not abuse its discretion because "the record had been amply developed before the resentencing[,] . . . [the district court] had already considered the relevant factors in some depth at the original sentencing and the first resentencing[,] . . . [and] indicated [it] had reviewed the entire record, including the parties' recommendations, and had considered all the relevant § 3553(a) factors and the Sentencing Guidelines in making [its] decision." 606 F.3d at 330-31. In *Curry*, the district court had previously resentenced the defendant under *United States v. Booker*, 543 U.S. 220 (2005) to 75 months imprisonment, which was one year below the guidelines. *Id.* at 325. In his motion for a reduced sentence under § 3582(c), his amended

4

guideline range was 70 to 87 months. *Id.* at 326. Thus, even if the district court in *Curry* had resentenced defendant at the absolute lowest level of the adjusted guidelines, this would have amounted to a reduction of only five months. In these circumstances, we deemed it appropriate for the district court to summarily dismiss defendant's motion with a reference to the record as a whole. Consistent with our holding in *Curry*, other circuits have found that the district court did not err when it used a summary order in ruling on a § 3582(c) sentence-reduction motion. *See United States v. Smalls*, 720 F.3d 193, 195-99 (4th Cir. 2013); *United States v. Brown*, 497 F. App'x 196, 198 (3d Cir. 2012) (per curiam) (collecting cases).

As in *Curry*, we have affirmed the denial of a sentence reduction based on comparably detailed sentencing or resentencing records similar to those presented here. For example, in *United States v. Watkins*, 625 F.3d 277, 281 (6th Cir. 2010), we affirmed the denial of a sentence reduction where the district court previously considered the relevant factors in defendant's three prior resentencing motions and indicated that it had considered the entire record and all the relevant §3553(a) factors. In *Watkins*, we observed that "[s]ection 3582(c)(2) proceedings are not full resentencings, and we do not require the district court to articulate its analysis of each sentencing factor as long as the record demonstrates that the court considered the relevant factors." *Id.* at 281 (citing *Curry*, 606 F.3d at 330-31). Similarly, in *United States v. Dewitt*, 385 F. App'x 479 (6th Cir. 2010), we affirmed the denial of a sentence reduction under § 3582(c), where the district court did not expressly discuss the §3553(a) factors, but the same judge presided over the original sentencing and a prior resentencing resulting in a below-guidelines sentence, and the judge considered the presentence report addendum, defendant's motion and the government's response, and judicial notes from the initial sentencing and resentencing. *Id.* at 481-83.

Brim argues that our holding in *United States v. Howard*, *supra*, requires reversal here. True enough, in *Howard* we held that the district court failed to adequately explain its order granting a sentence reduction when it relied on a form order with no analysis. *Id.* at 460-62. But *Howard* is distinguishable because Howard was resentenced to the middle of the amended guideline range, which was at odds with his original sentence which fell at the absolute low-end of the guideline range. *Id.* at 457. Specifically, the original guideline range was 97-121 months and the district court imposed a sentence of 97 months. *Id.* The adjusted guideline range was 78-97 months, and the district court imposed an amended sentence of 88 months. *Id.* Given this inconsistency, unlike here, the court's original sentencing analysis could not explain the amended sentence.

Like our decision in *Howard*, some courts of appeals have found that district courts must offer more explanation of the § 3553(a) factors than merely relying on a form order, but those decisions are limited to situations where the defendant is resentenced to a term of imprisonment out of proportion to the original sentence. *See, e.g., United States v. Christie*, 736 F.3d 191, 198 (2d Cir. 2013) (remanding for explanation where defendant resentenced to above-guidelines sentence, despite twice being sentenced at the bottom of his guidelines range); *United States v. Burrell*, 622 F.3d 961, 965-66 (8th Cir. 2010) (remanding for explanation where no proportionality between original sentence at middle of advisory guideline range and amended sentence at very top of amended guideline range); *United States v. Lara*, 626 F. App'x 799, 801-02 (11th Cir. 2015) (remanding for explanation where no proportionality between original sentence at mid-level of advisory guidelines and amended sentence at apex of modified guideline range). These cases serve to illustrate the point that the degree of explanation required is

heightened when the district court refuses to grant a reduction that would be in the comparable guideline range as the original sentence.

The instant action is akin to *Curry* and is distinguishable from *Howard.* As in *Curry*, the reduction that Brim requests is only a few months. (Here, four; there, five.) As in *Curry*, the same judge presided over the original sentencing and the resentencing. And, similarly, the record was fully developed at the original sentencing, where the district court granted a variance and imposed a below-guideline sentence, which was at the very low-end of the amended guideline range. The order denying Brim's motion for a sentence reduction indicated that the court had considered all of the § 3553(a) factors and the "facts of this record." (PgID 176). Under these circumstances, the district court's refusal to reduce Brim's sentence by another four months, the most reduction he was eligible to receive, is consistent with his original below-guidelines sentence. The district court gave a detailed analysis of the original sentence at the sentencing hearing, and given the downward variance Brim had already received, that very thorough explanation was sufficient to justify denying a sentence reduction without further discussion. In sum, given the district court's considerable analysis at the original sentencing, the fact that the original sentence imposed was two years below the advisory guideline range and four months longer than the very lowest end of the adjusted guideline range, the district court did not abuse its discretion in denying the sentence reduction.

## IV. CONCLUSION

Having carefully reviewed the record before us, we are not persuaded that the district court abused its discretion in denying Brim a sentence reduction under § 3582(c). Accordingly, we AFFIRM.