**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 17a0354n.06

Case Nos. 16-6429/6431

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

**FILED**
Jun 21, 2017
DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | ON APPEAL FROM THE UNITED |
| v. | ) | STATES DISTRICT COURT FOR |
| | ) | THE EASTERN DISTRICT OF |
| MARIO BAUTISTA, | ) | TENNESSEE |
| | ) | |
| Defendant-Appellant. | ) | |
| | ) | |
| | ) | |

BEFORE: BOGGS, CLAY, and SUTTON, Circuit Judges.

SUTTON, Circuit Judge. In 2007, Mario Bautista pleaded guilty to charges of conspiring to possess and distribute cocaine, *see* 21 U.S.C. §§ 846 and 841(a)(1), (b)(1)(A), and money laundering, *see* 18 U.S.C. § 1956(a)(1)(B)(i). Due to Bautista's substantial assistance to the government, the court sentenced him to 180 months of imprisonment, 23% below the bottom of the guidelines range. The United States Sentencing Commission later retroactively revised the sentencing table for drug offenses like Bautista's, U.S.S.G. app. C, amend. 782, and Bautista asked the district court for a sentence reduction, *see* 18 U.S.C. § 3582(c)(2). Bautista, the government, and the district court all agree that he was eligible for a lower sentence. But the court nonetheless declined to reduce his sentence further.

On appeal, Bautista argues that the denial of his motion was unreasonable and that it violated the relevant sentencing laws. Because the former claim falls outside our authority, and because the latter claims lack merit, we dismiss in part and affirm in part.

Bautista argues that the district court's decision to deny his sentencing reduction motion was unreasonable because the district court considered the seriousness of his offense in making that determination, which is already accounted for in the guidelines. We lack authority over Bautista's substantive-unreasonableness claim. As we have said before, our authority "to consider the appeal of a § 3582(c)(2) determination . . . must come from [18 U.S.C.] § 3742" and "a defendant's allegation of *Booker* unreasonableness in a § 3582(c)(2) proceeding does not state a cognizable 'violation of law' that § 3742(a)(1) would authorize us to address on appeal." *United States v. Bowers*, 615 F.3d 715, 722, 727 (6th Cir. 2010). Bautista, to his credit, acknowledges *Bowers* and its binding effect and raises the claim merely to preserve his right to petition the en banc court to overrule *Bowers*. In the interim, our panel must hew to precedent, precluding us from considering Bautista's arguments about the substantive reasonableness of his sentence.

Bautista's other arguments face a different problem. While we have jurisdiction to consider his claims that the district court violated the law, incorrectly applied the sentencing guidelines, or failed to explain the sentence, each argument fails on the merits.

The district court denied Bautista's motion for several reasons. Bautista "ha[d] been sanctioned five times while in the custody of the Bureau of Prisons for phone abuse, refusing to obey an order, stealing, being absent from an assignment, and possessing an unauthorized item." R. 41 at 3–4. That "history of disciplinary infractions indicate[d] a high risk of recidivism and disregard for prison regulations." *Id.* at 4. The court also considered the offense conduct, including the fact that Bautista "was a supplier of cocaine in the district and would receive multiple kilogram shipments of cocaine from other states for distribution," that the "conspiracy lasted over two years," that Bautista was also "convicted of illegal entry into the United States,"

that he "possessed firearms during the conspiracy," and that he "committed a money laundering offense in an effort to conceal his illegal drug trafficking profits." *Id.* The court thus declined to reduce his sentence below 180 months.

Section 3582(c)(2) establishes a two-step inquiry for sentence-reduction motions. "A court must first determine that a reduction is consistent with [U.S.S.G.] § 1B1.10." *Dillon v. United States*, 560 U.S. 817, 826 (2010). Then it must consider any applicable 18 U.S.C. § 3553(a) and public-safety factors—and "*may* consider post-sentencing conduct of the defendant"—in gauging whether to reduce the sentence. *United States v. Curry*, 606 F.3d 323, 330 (6th Cir. 2010) (quoting U.S.S.G. § 1B1.10 cmt. n.1(B)); *see Dillon*, 560 U.S. at 827.

Because all agree that a reduction would be consistent with the sentencing guidelines, this case turns on the second step. Bautista claims that the district court "relied on an impermissible factor" under § 3553(a) and U.S.S.G. § 1B1.10 when it referred to the fact that Bautista had "already received a reduction of almost a quarter of his sentence . . . to determine that no additional reduction is warranted." R. 41 at 4.

This reasoning did not violate § 3553(a) because the district court's reference to Bautista's prior sentence reduction did not add a new factor but explained why "the 18 U.S.C. § 3553(a) factors lead[] inevitably to the conclusion that no reduction is appropriate." *Id.* Section 3553(a)(2) commands courts to consider "the need for the sentence imposed." The district court considered Bautista's post-conviction conduct, the risk of recidivism, and the seriousness of the underlying offenses. And its reference to Bautista's prior sentence reduction merely highlighted that his sentence already fell below sentences levied for similar conduct. Put another way, the court found that a 180-month sentence, already discounted from the initial

guidelines range and already below the amended guidelines range, remained appropriate under § 3553(a).

The court did not violate U.S.S.G. § 1B1.10 either. Nothing in that provision requires a substantial-assistance variance in the initial sentence to transform into a substantial-assistance variance after a guidelines amendment. Section 1B1.10(b)(2)(B) *permits* a reduction below an amended guidelines range when the defendant renders substantial assistance. But permission is not a command. Without a command to violate, there can be no automatic error. And, on this record, the district court acted well within its discretion in denying the requested reduction. *See Curry*, 606 F.3d at 327.

Last of all, Bautista claims that the district court abused its discretion by failing to adequately explain its sentence. But the Supreme Court has held that "[w]here a matter is . . . conceptually simple . . . and the record makes clear that the sentencing judge considered the evidence and arguments," the law does not require "the judge to write . . . extensively." *Rita v. United States*, 551 U.S. 338, 359 (2007). The court's four-page opinion satisfied this modest requirement and indeed is far more thorough than the "cursory" orders we have approved in similar cases. *Curry*, 606 F.3d at 331; *see United States v. Brim*, 661 F. App'x 879, 882 (6th Cir. 2016); *United States v. Holland*, 391 F. App'x 468, 470 (6th Cir. 2010). The court's opinion exceeds the "minimal explanation" we have sometimes required when a new sentence is disproportionate to the old one. *United States v. Howard*, 644 F.3d 455, 459 (6th Cir. 2011) (quotation omitted); *see Brim*, 661 F. App'x at 883. Because the court provided "a reasoned basis for exercising [its] own legal decisionmaking authority," no abuse of discretion occurred. *Rita*, 551 U.S. at 356; *see Howard*, 644 F.3d at 460 (quotation omitted).

For these reasons, we dismiss in part and affirm in part.