NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 17a0157n.06

No. 15-4421

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

**FILED**
Mar 10, 2017
DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | ON APPEAL FROM THE |
| v. | ) | UNITED STATES DISTRICT |
| | ) | COURT FOR THE |
| LEWIS POWELL, II, | ) | NORTHERN DISTRICT OF |
| | ) | OHIO |
| Defendant-Appellant. | ) | |

Before: KEITH, ROGERS, and KETHLEDGE, Circuit Judges.

KETHLEDGE, Circuit Judge. This case is before us for a second time. In 2014, Powell pleaded guilty to one count of conspiracy to possess with intent to distribute heroin and crack cocaine, and one count of dealing in unlicensed firearms. The district court determined that Powell was a career offender, which gave him a base-offense level of 34. The court then applied a three-level reduction for acceptance of responsibility and a two-level reduction for substantial assistance, which gave Powell a final offense level 29 and a Guidelines range of 151 to 188 months. The district court sentenced Powell to 155 months' imprisonment.

On appeal, we held that Powell was not a career offender. *United States v. Powell*, 798 F.3d 431 (6th Cir. 2015). To determine whether that error was harmless, we calculated Powell's offense level without the career-offender enhancement. According to the pre-sentence report, Powell's adjusted-offense level without that enhancement was 33. Thus, after the district court's reductions, his offense level was 28. But Powell's career-offender status had also prevented him

from receiving a two-level reduction under Amendment 782 to the Sentencing Guidelines, which reduced the penalties for some drug offenses. *Id.* at 442. We applied that reduction as well, which left Powell with a final offense level of 26 and a Guidelines range of 120 to 150 months. *See* U.S.S.G. § 5A. Thus (by our calculations at least) the district court's error had caused Powell to receive an above-Guidelines sentence, which meant the error was not harmless. We therefore vacated Powell's sentence and remanded the case "to allow the district court to resentence Powell according to the proper Guidelines calculations." *Powell*, 798 F.3d at 442.

Back in the district court, it eventually became clear that our calculation of Powell's Guidelines range was wrong. Although Powell was in fact sentenced according to a Guidelines range that was too high—because he was not a career offender—our calculation had two mistakes of its own. One found its origin in the presentence report: Powell's adjusted-offense level without the career-offender enhancement was 32, not 33 as stated in the report and as we assumed in the last appeal. The other mistake was fully our own: Powell was not in fact entitled to a two-level reduction under Amendment 782, because the base-offense level for his gun conviction was much higher than the level for his drug conviction. *See generally* U.S.S.G. § 3D1.3(a). The net effect was that Powell's base-offense level was one level higher than we thought, *i.e.*, 27 rather than 26. On remand the district court and the government figured out as much. The court recalculated Powell's range as 130 to 162 months and sentenced him again to 155 months. This appeal followed.

In this appeal (as on remand in the district court), Powell does not challenge the accuracy of the district court's recalculation of his Guidelines range. Instead, Powell argues that our remand after the last appeal was limited rather than general, and that the district court exceeded

the scope of that remand when the court recalculated his range. We review de novo whether the remand was general or limited. *United States v. McFalls*, 675 F.3d 599, 604 (6th Cir. 2012).

A general remand allows the district court to "redo the entire sentencing process." *Id.* A limited remand, in contrast, "constrains the district court's authority to the issue or issues" we instructed the court to address. *Id.* Unless otherwise specified, we presume that a remand was general. *United States v. Helton*, 349 F.3d 295, 299 (6th Cir. 2003). A remand is limited only if we "explicitly outline" the issues to be addressed by the district court and the manner in which the court must address them. *McFalls*, 675 F.3d at 604.

Here, our opinion simply remanded the case "for resentencing consistent with this opinion." *Powell*, 788 F.3d at 442. That language, we have already held, effects a general remand. *United States v. Obi*, 542 F.3d 148, 154 (6th Cir. 2008). Nor, contrary to Powell's argument here, did our (incorrect) calculation of his Guidelines range render our remand limited. We calculated Powell's range not to confine the proceedings on remand, but to determine whether the district court's mistake in the original sentencing—namely, its determination that Powell was a career offender—was harmless. Our calculation was accurate enough to show it was not.

Powell separately argues that our calculation of the Guidelines range was the law of the case, which bound the district court on remand. But a general remand "effectively wipes the slate clean" and "gives the district court authority to redo the entire sentencing process." *McFalls*, 675 F.3d at 606 (citations omitted). Hence this argument too is without merit.

Powell's remaining argument is different in kind: that his sentence on remand (again, 155 months) was procedurally unreasonable because the court did not offer any reasoning in support of it. *See United States v. Brinley*, 684 F.3d 629, 633 (6th Cir. 2012). Powell did not

make this objection during his sentencing hearing on remand, so we review for plain error. *United States v. Taylor*, 800 F.3d 701, 714 (6th Cir. 2015).

"When a defendant raises a particular, nonfrivolous argument in seeking a lower sentence, the record must reflect both that the district [court] considered the defendant's argument and that the [court] explained the basis for rejecting it." *United States v. Wallace*, 597 F.3d 794, 803 (6th Cir. 2010) (citation omitted). Here, on remand, Powell argued that a sentence at the bottom of the Guidelines range was appropriate because the majority of his prior crimes were misdemeanors. *See* 18 U.S.C. § 3553(a)(1). The district court did not acknowledge this argument, and then sentenced Powell to 155 months, which was near the top of his Guidelines range. True, as the government points out, the district court incorporated by reference its comments during the first sentencing hearing. But the court made those comments while imposing a sentence at the low end of Powell's Guidelines range, not the high end. Those comments therefore do not explain the court's decision to impose a sentence near the high end. Powell's sentence on remand "was therefore procedurally unreasonable, even under plain error review." *See Wallace*, 597 F.3d at 808.

We vacate Powell's sentence and remand the case for resentencing consistent with this opinion.