NOT RECOMMENDED FOR PUBLICATION
File Name: 17a0534n.06

No. 16-4007

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

**FILED**
Sep 19, 2017
DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | |
| v. | ) | ON APPEAL FROM THE |
| | ) | UNITED STATES DISTRICT |
| | ) | COURT FOR THE |
| **FREDRICK ALSTON THOMAS,** | ) | NORTHERN DISTRICT OF |
| | ) | OHIO |
| Defendant-Appellant. | ) | |
| | ) | |
| | ) | |

BEFORE:    KEITH, BATCHELDER, and SUTTON, Circuit Judges.

**ALICE M. BATCHELDER, Circuit Judge**.  Fredrick Alston Thomas appeals his 360-month sentence for receipt and distribution of child pornography, arguing that his sentence is procedurally and substantively unreasonable.  We disagree and affirm.

## I.

In 2016, Thomas pled guilty to receipt and distribution of child pornography.  At sentencing, the district court determined that Thomas had a total offense level of 39 and a criminal history category of IV, which included convictions related to several domestic violence incidents and two convictions for gross sexual imposition involving his son.  The resulting advisory Guidelines sentencing range was 360 months' to life imprisonment.  However, because the statutory maximum term for Thomas's offense is forty years, the Guidelines range was reduced to 360 to 480 months' imprisonment.  Thomas's counsel requested a downward variance, arguing in part that certain Guidelines enhancements do not represent aggravating

factors and have been criticized by the United States Sentencing Commission, that this incongruity creates sentencing disparities, and that Thomas's history and characteristics necessitate a significant downward variance. The district court rejected these arguments and determined, based on the relevant § 3553(a) factors, that a sentence of 360 months' imprisonment was "sufficient but not greater than necessary." Thomas timely appealed his sentence.

## II.

"Sentencing challenges are reviewed for abuse of discretion." *United States v. Coppenger*, 775 F.3d 799, 802 (6th Cir. 2015) (citations omitted). "A district court abuses its discretion when it applies the incorrect legal standard, misapplies the correct legal standard, or relies upon clearly erroneous findings of fact." *United States v. Fowler*, 819 F.3d 298, 303–04 (6th Cir. 2016) (citation omitted). Under this standard, we will reverse the sentencing court's decision only if we are "left with the definite and firm conviction that the sentencing court committed a clear error of judgment." *Coppenger*, 775 F.3d at 802–03 (citation omitted). "A court will be deemed to have abused its discretion and imposed a substantively unreasonable sentence if it imposed a sentence arbitrarily, based on impermissible factors, or unreasonably weighed a pertinent factor." *Id.* (citing *United States v. Adkins*, 729 F.3d 559, 563 (6th Cir. 2013)). But if a party fails to make a contemporaneous objection to the procedural reasonableness of the sentence, the plain-error standard of review applies. *See id.* at 803; *United States v. Bostic*, 371 F.3d 865, 872–73 (6th Cir. 2004).

## III.

Thomas first asserts that the district court imposed a procedurally unreasonable sentence because it failed "to recognize its authority to reject the child pornography guidelines based on

policy reasons," and failed to "properly consider the need to avoid unwarranted sentencing disparities."

As an initial matter, the parties dispute whether Thomas's procedural objections were specific enough to preserve abuse-of-discretion review on appeal. "A party must object with that reasonable degree of specificity which would have adequately apprised the trial court of the true basis for his objection." *Bostic*, 371 F.3d at 871 (6th Cir. 2004) (quoting *United States v. LeBlanc*, 612 F.2d 1012, 1014 (6th Cir. 1980)) (internal quotation marks and citation omitted). "A specific objection provides the district court with an opportunity to address the error in the first instance and allows this court to engage in more meaningful review." *Id.* As noted above, Thomas argued at sentencing that several Guidelines enhancements were flawed for policy reasons and that such flaws cause sentencing disparities. Those arguments, however, are not the same as Thomas's argument on appeal that the district court failed to recognize its *authority* to reject the Guidelines range for policy reasons and that it failed to consider the need to prevent unwarranted sentencing disparities. Thus, Thomas's objection following sentencing did not preserve the arguments he now makes on appeal.

Nonetheless, whether this court applies plain-error review or abuse-of-discretion review, Thomas's procedural reasonableness arguments are meritless. The Sentencing Guidelines set out the base offense level and relevant enhancements for child pornography offenses at USSG § 2G2.2. Our court has determined that "[a] district court may indeed disagree with a Guideline for policy reasons and *may* reject the Guidelines range based on that disagreement." *United States v. Brooks*, 628 F.3d 791, 799 (6th Cir. 2011) (citations omitted); *see United States v. Bistline*, 665 F.3d 758, 761 (6th Cir. 2012). However, "a district court is entitled to rely on the § 2G2.2 enhancements unless it has a reasonable policy basis for not doing so," and relying on the

child pornography Guidelines to craft a sentence does not make that sentence procedurally unreasonable. *United States v. Cunningham*, 669 F.3d 723, 733 (6th Cir. 2012) (citing *Bistline*, 665 F.3d at 761; *Brooks*, 628 F.3d at 799).

The district court was aware of its authority to vary downward based on policy reasons and declined to exercise that authority. During sentencing, the district court explained:

> You see here, Mr. Thomas, I sit up here and listen to the defense and it tends to bring the sentence down when I hear that because there's compelling arguments. Then I hear from the Government and it tends to bring it back up. There is always this push and pull that goes on, especially in cases like this. I respect everyone's opinion. When I say everyone, Congress; obviously, the Sentencing Commission, the defense bar; I respect the position of the Government, and what they argue for. There are compelling arguments on both sides. But I'm a firm believer in the separation of powers. I just don't cavalierly overlook what Congress has mandated, not only mandated as far as minimum sentence, but to the enhancements that they have approved. That is the law that we start with. Obviously we don't have to end with that, but we have to respect everyone's position as a starting point. To do so would be unprofessional. To do so otherwise would be unprofessional and not warranted.
>
> * * *
>
> This is anti-social, criminal conduct. And quite frankly, morally reprehensible. I don't know, and I understand that people have different motivations and different conditions, whatever these experts talk about, but how you can derive pleasure from watching young boys getting raped is beyond me. Again, I respect my colleagues' different views, the Sentencing Commission, but that's not me.

We have no basis on which to question that explanation, and we hold that the district court did not err by rejecting Thomas's policy-based arguments at sentencing.

Further, the district court did consider, albeit briefly, the need to avoid unwarranted sentencing disparities. During sentencing, the district court discussed Thomas's background, offense characteristics, and criminal history, summarizing that "the facts of this case are pretty horrific in terms of the nature of the pornography." The district court explained that Thomas's repeated violence against women and sexual abuse of his son indicated a willingness to act on his impulses. The district court also noted that, in determining a defendant's sentence, "we look at

defendants with similar record and conduct. We are required to take a look at others beyond this case, too." In making that comparison in this case, the district court stated:

> Looks like the options that Mr. Thomas faces would be the same for those under similar circumstances with the enhancements that he has, his background, all the characteristics, criminal history that we've discussed. Again, the calculations appear to be correct.

These comments, combined with the discussion of Thomas's background, offense characteristics, and criminal history, demonstrate that the district court considered the need to avoid unwarranted sentencing disparities. "[I]t is not necessary to use the words 'deterrence' and 'sentencing disparities' to render a sentence procedurally adequate." *United States v. Stall*, 581 F.3d 276, 287 (6th Cir. 2009). The district court's extensive analysis of Thomas's offense characteristics and criminal history demonstrate that the district court found that no downward variance was warranted. *See Gall v. United States*, 552 U.S. 38, 54 (2007) ("Since the District Judge correctly calculated and carefully reviewed the Guidelines range, he necessarily gave significant weight and consideration to the need to avoid unwarranted disparities."); *see Stall*, 581 F.3d at 287.

Contrary to Thomas's assertion, the district court did not simply rely on the Guidelines to find that no unwarranted sentencing disparity existed. Instead the district court distinguished Thomas, based on his past violence and willingness to act on his impulses, from other child pornography defendants who received downward variances in their sentences. Therefore, the district court did not err by failing to consider the need to avoid unwarranted sentencing disparities.

## IV.

Thomas next argues that the district court abused its discretion and imposed a substantively unreasonable sentence because his 360-month sentence was "longer than

necessary." Thomas is, again, incorrect. A properly calculated, within-Guidelines sentence is presumed to be substantively reasonable. *Rita v. United States*, 551 U.S. 338, 347 (2007); *United States v. Al-Maliki*, 787 F.3d 784, 797 (6th Cir. 2015). The district court correctly calculated the advisory Guidelines sentencing range, and Thomas did not object to the Guidelines calculation or the resulting sentencing range.

Nonetheless, Thomas argues that his poor upbringing, the physical and sexual abuse he suffered as a child, his intellectual and psychological limitations, and poor education should have resulted in a lower sentence. However, Thomas's 360-month sentence is at the bottom of the applicable Guidelines range, and he has not rebutted the presumption that his sentence is substantively reasonable. The district court considered the parties' arguments and the § 3553(a) factors and explained its reasons for imposing a sentence within the Guidelines range. "When a district court adequately explains *why* it imposed a particular sentence, especially one within the advisory Guidelines range, we do not further require that it exhaustively explain the obverse— *why* an alternative sentence was *not* selected in every instance." *United States v. Chiolo*, 643 F.3d 177, 185 (6th Cir. 2011) (quoting *United States v. Gale*, 468 F.3d 929, 940 (6th Cir. 2006)). Therefore, Thomas's 360-month sentence is not substantively unreasonable, and the district court did not abuse its discretion in calculating Thomas's sentence.

For these reasons, we affirm.