NOT RECOMMENDED FOR PUBLICATION
File Name: 24a0512n.06

No. 24-3421

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | **FILED** |
| Plaintiff-Appellee, | ) | Dec 10, 2024 |
|  | ) | KELLY L. STEPHENS, Clerk |
| v. | ) | ON APPEAL FROM THE UNITED |
|  | ) | STATES DISTRICT COURT FOR |
| FREDRICK ALSTON THOMAS, | ) | THE NORTHERN DISTRICT OF |
|  | ) | OHIO |
| Defendant-Appellant. | ) |  |
|  | ) |  |

BEFORE: SUTTON, Chief Judge; MURPHY and BLOOMEKATZ, Circuit Judges.

MURPHY, Circuit Judge. Fredrick Thomas received and distributed hundreds of disturbing child-pornography images. A district court sentenced him to 360 months' imprisonment. Thomas later moved to reduce this sentence because of a change to the Sentencing Guidelines. But the district court denied his motion on the ground that the relevant sentencing factors did not justify it. Thomas appeals that denial. Because the court did not abuse its discretion, we affirm.

I

Dropbox, a cloud-storage service, allows its customers both to create folders that can store videos and pictures and to share access to these folders (and their contents) with others. In early 2015, Dropbox discovered that someone had uploaded over 25 videos of child pornography to an account. These videos portrayed, among other things, men engaging in sex acts with young boys.

Dropbox alerted the National Center for Missing and Exploited Children of this child pornography. An investigation revealed that the Dropbox account belonged to Thomas and that he had registered the account from Elyria, Ohio.

Investigators later searched Thomas's Ohio home. His electronic devices contained over 900 images and over 100 videos of child pornography. Many showed sadistic sexual acts involving children, including the rape of young boys. The devices also contained records of Thomas's online conversations. He often pretended to be a boy and asked other children to send him sexually explicit pictures. Some of these children obliged.

Investigators also discovered that Thomas had additional Dropbox accounts that contained child pornography. He had given access to these accounts to other individuals located throughout the world.

The government charged Thomas with knowingly receiving and distributing visual depictions of children engaged in sexually explicit conduct. *See* 18 U.S.C. § 2252(a)(2). Thomas pleaded guilty.

The State of Ohio had previously convicted Thomas of sexually assaulting a child. He thus faced a statutory sentencing range of 15 years to 40 years' imprisonment. *See id.* § 2252(b)(1). The district court calculated his guidelines range as 360 months to 480 months' imprisonment. It sentenced Thomas to a bottom-of-the-guidelines sentence of 360 months. We affirmed his sentence on direct appeal. *See United States v. Thomas*, 708 F. App'x 864, 867–68 (6th Cir. 2017).

Several years later, the Sentencing Commission amended a criminal-history guideline in a way that affected Thomas's guidelines range. Thomas fell within Criminal History Category IV in part because he received two criminal-history points for committing his current offense while still serving a prior state sentence. *See* U.S.S.G. § 4A1.1(d) (2015). In 2023, the Commission's

Amendment 821 changed this guideline. *See* U.S. Sentencing Comm'n, Guidelines Manual App. C., Amdt. 821 (Part A) (Nov. 2023). Defendants now receive only one additional criminal-history point if they commit their current offense while subject to a prior sentence. *See id.* And defendants will receive this additional point only if they already have at least seven criminal-history points based on their prior offenses. *See id.*; *see also* U.S.S.G. § 4A1.1(e) (2023). If Amendment 821 had applied to Thomas at his sentencing, his Criminal History Category would have fallen from IV to III. And his guidelines range would have become 324 to 405 months (not 360 to 480 months).

The Commission made Amendment 821 retroactive. *See* U.S.S.G. § 1B1.10(d), (e)(2), & cmt. n.7. So Thomas relied on this change to move for a reduced sentence under 18 U.S.C. § 3582(c)(2). He asked for a 324-month sentence because of his lower guidelines range, his rehabilitative efforts in prison, and his family support. The government opposed his motion. It conceded that Thomas was "technically eligible" for a reduced sentence. Resp., R.49, PageID 319. But it asked the district court to exercise its discretion and deny the motion given the nature of Thomas's offense.

The district court denied Thomas's motion in a one-page form order. The court recognized that Thomas qualified for a reduced sentence. It also commended his participation in prison programs and his letters of support. But it held that its 360-month sentence remained proper under the sentencing factors in 18 U.S.C. § 3553(a).

II

Thomas appealed the denial of his motion for a reduced sentence. District courts generally may not reconsider a sentence after they have imposed it. *See* 18 U.S.C. § 3582(c); *United States v. Curry,* 606 F.3d 323, 326 (6th Cir. 2010). But Congress has created a few exceptions to this

rule. As relevant here, a district court may reduce a sentence if the Sentencing Commission later lowers the defendant's "sentencing range" and if the reduction would comport with the sentencing "factors" in 18 U.S.C. § 3553(a) and the "policy statements" that the Commission has issued. 18 U.S.C. § 3582(c)(2). The applicable policy statement identifies the specific guidelines amendments (including Amendment 821) that allow defendants to seek reduced sentences. *See* U.S.S.G. § 1B1.10(d). Even if one of these amendments applies to a defendant, the policy statement also imposes limits on a district court's power to reduce the sentence. Among other things, a defendant may not seek a reduced sentence if the relevant amendment has not had "the effect of lowering the defendant's applicable guidelines range." *Id.* § 1B1.10(a)(2)(B).

The Supreme Court has told district courts to review motions for a reduced sentence under § 3582(c)(2) in two steps—one legal and one discretionary. *Dillon v. United States*, 560 U.S. 817, 826 (2010); *cf. United States v. Goodwin*, 87 F.4th 321, 326 (6th Cir. 2023). Courts should first ask whether a defendant meets the legal requirements for a reduced sentence under § 1B1.10. *See Dillon*, 560 U.S. at 826. If so, courts should then ask whether the § 3553(a) factors justify a reduced sentence. *See id.* At this second step, the statute gives district courts substantial discretion to decide whether to reduce a sentence. *See id.* at 827–28; *Goodwin*, 87 F.4th at 327.

This discretion extends to the way the district court announces its judgment. *See Chavez-Meza v. United States*, 585 U.S. 109, 117 (2018); *see also Concepcion v. United States*, 597 U.S. 481, 501 (2022). Unlike the statute regulating the original sentencing, the statute governing sentence reductions does not expressly require the court to identify the "reasons" for its decision. 18 U.S.C. § 3553(c); *cf. id.* § 3582(c). But the Supreme Court has assumed "for argument's sake" that district courts have "equivalent duties" at both stages. *Chavez-Meza*, 585 U.S. at 115. Still, those courts need not issue lengthy opinions when resolving sentence-reduction motions. *See id.*

at 116. While they must show that they have *considered* all nonfrivolous arguments, they need not *expressly address* each argument on the record. *See id.*; *see also Concepcion*, 597 U.S. at 501. In straightforward cases, they may instead deny relief in form orders. *See Chavez-Meza*, 585 U.S. at 117–20; *United States v. Brim*, 661 F. App'x 879, 882 (6th Cir. 2016).

Because district courts have primary responsibility over sentence-reduction motions, courts of appeals review their decisions under a deferential abuse-of-discretion standard of review. *See Curry*, 606 F.3d at 327; *see also Concepcion*, 597 U.S. at 501. A district court abuses its discretion if, for example, it commits a legal error (say, by mistakenly finding a defendant ineligible for relief). *See Goodwin*, 87 F.4th at 327; *cf. United States v. Beamus*, 943 F.3d 789, 791–92 (6th Cir. 2019) (per curiam). At the same time, appellate courts should not engage in an "overly searching" review of the court's balancing of the § 3553(a) factors. *Concepcion*, 597 U.S. at 501.

Thomas cannot overcome this deferential standard. To be sure, the district court denied him relief with one paragraph of analysis in a form order. But nothing about this case's facts required it to say more. Under the Supreme Court's precedent, Thomas's revised guidelines range (324 to 405 months) should have "anchor[ed]" the district court's weighing of the § 3553(a) factors. *Goodwin*, 87 F.4th at 326 (quoting *Concepcion*, 597 U.S. at 498 n.6). The record suggests that it did so. After all, Thomas's 360-month sentence remained in the middle of this new range. And when picking the precise sentence from the broader range, the court's order properly incorporated its earlier balancing of the § 3553(a) factors from when it "originally sentenced" Thomas. Order, R.51, PageID 330; *see Chavez-Meza*, 585 U.S. at 118–19. At that time, the court explained that it chose a 360-month sentence because the case's facts were "pretty horrific" and because Thomas had received "sadistic and masochistic" child pornography. Tr., R.40, PageID 242. Unlike other defendants, Thomas also had not limited his activity to "viewing" this illegal

5

content.  *Id.*, PageID 243.  He instead had engaged in "outward conduct."  *Id.*, PageID 244.  He had assaulted a child and obtained explicit materials from children by chatting with them online.  *Id.*, PageID 243.  He also had a history of committing "assault" on women.  *Id.*  When denying Thomas's motion for a reduced sentence, then, the court reasonably held that Thomas's rehabilitative efforts in prison and his family support did not offset this disturbing conduct.

Thomas responds that the district court did not "even mention" his reduced guidelines range and thus could have overlooked it.  Appellant's Br. 8.  But the court did not need to expressly identify this revised range; it needed only to consider the range.  *See Chavez-Meza*, 585 U.S. at 116; *see also Goodwin*, 87 F.4th at 328–29; *United States v. Dewitt*, 385 F. App'x 479, 483 (6th Cir. 2010).  And the first sentence of the court's form order confirms that it did.  This sentence explained that the court must balance the § 3553(a) factors "[e]ven when the defendant is deemed eligible for a reduced sentence[.]"  Order, R.51, PageID 330.  The court then denied relief under those factors.  This reasoning would have made no sense if the court had believed that Thomas's guidelines range had not changed.  In that scenario, the Commission's policy statement would have rendered Thomas ineligible for relief even after Amendment 821.  U.S.S.G. § 1B1.10(a)(2)(B).  So its decision to find Thomas eligible but deny him relief under the § 3553(a) factors shows that it considered the range but opted to stick with the same sentence because of the nature of his crimes.

Thomas next points to our decision in *United States v. Powell*, 679 F. App'x 460 (6th Cir. 2017).  There, we first reversed a district court's 155-month sentence because the court had wrongly found that the defendant was a career offender with a guidelines range of 151 to 188 months.  *Id.* at 461.  On remand, the district court imposed the same 155-month sentence after calculating his revised range (without the career-offender enhancement) as 130 to 162 months.  *Id.*

In a second appeal, we again reversed. *Id.* at 462. The defendant had requested a sentence at the bottom of this range because most of his prior convictions were misdemeanors. *Id.* The district court did not expressly address this argument and merely incorporated its reasoning from the first sentencing. *Id.* We held that this initial reasoning did not suffice because the sentence had shifted from the low end to the high end of the guidelines range. *Id.*

*Powell*'s logic does Thomas no good. This case reaches us from the denial of a sentence-reduction motion—not a second sentencing. And since *Powell*, the Supreme Court has held that we may look to the district court's rationale at the original sentencing to decide on the validity of a form order resolving a sentence-reduction motion. *See Chavez-Meza*, 585 U.S. at 118–19. The Court added that the propriety of a court's explanation will depend on the circumstances. *See id.* at 116. It also declined to impose any categorical requirement that the court "choose a point within the new lower Guidelines range that is 'proportional' to the point previously chosen in the older higher Guidelines range." *Id.* The Court thus did not require further explanation in that case even though the defendant's sentence had shifted from the very bottom of the original guidelines range to several months above the bottom of the amended range. *See id*. at 114, 120. The same logic applies here. As we have explained, the circumstances in this case did not require the court to give more explanation for its 360-month sentence even though that sentence shifted from the bottom of the initial guidelines range to the midpoint of the revised one.

Thomas lastly criticizes the district court's reliance on his "long criminal history." Order, R.51, PageID 330. He suggests that this reasoning bolsters the argument that the court did not consider his revised guidelines range because that range "already account[ed] for" this criminal history. *United States v. Johnson*, 26 F.4th 726, 738 (6th Cir. 2022) (citation omitted). But Thomas ignores a critical distinction between this case and *Johnson*. There, the court stuck to a

300-month sentence even though it landed well above the defendant's revised guidelines range (160 to 185 months). *See id.* at 729, 732–33. Because that range took the defendant's prior crimes into account, those crimes could not explain this large *variance*. *Id.* at 738. But *Johnson*'s logic does not extend to this case because the district court's 360-month sentence fell firmly within Thomas's revised guidelines range. Thomas's significant criminal history (especially his prior assaults) could and did justify the court's decision to pick a sentence in the middle of that range.

We affirm.